STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID GLEN TAMURA, Defendant-Appellant

NO. 7638

CRIMINAL NO. 52065

SEPTEMBER 23, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* This is an appeal by defendant-appellant David Glen Tamura from a jury conviction for robbery in the first degree under

HRS § 708-840 and from the extended term sentence received by him under HRS § 706-661. We affirm.

## I.

In the morning of May 10, 1980, Mrs. Shizuko Ohta and her employees were at Mrs. Ohta's restaurant, Tanoue's Saimin Delicatessen. Mrs. Ohta was in the restaurant's kitchen when she was summoned by the janitor, Mr. Kinzo Taira, to follow him to the men's restroom.

Once inside the restroom, Mrs. Ohta was confronted by a male with a handgun and his male companion.

Mrs. Ohta was wearing a wedding band and an engagement ring on her left hand. The male with the handgun told her to take off her rings. The companion then removed the rings from Mrs. Ohta's finger.

The two men left the restroom with the engagement ring. The wedding band was later recovered on the floor of the restroom.

At trial, Mrs. Ohta positively identified appellant as the man with the handgun.

Appellant raises two issues on appeal.

## II.

We are asked to decide whether the evidence presented at trial was legally sufficient to support the guilty verdict.

On appeal, the test to ascertain the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the state, there is substantial evidence to support the conclusion of the trier of fact. *State v. Summers,* 62 Haw. 325, 331-32, 614 P.2d 925, 930 (1980); *State v. Hernandez,* 61 Haw. 475, 477, 605 P.2d 75, 77 (1980); *State v. Hopkins,* 60 Haw. 540, 542, 592 P.2d 810, 811 (1979). It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for conviction. *State v. Summers, supra* at 332, 614 P.2d at 930; *State v. Hernandez, supra* at 478, 605 P.2d at 77; *State v. Smith,* 59 Haw. 456, 464, 583 P.2d 337, 343 (1978). The jury, as the trier of fact, is the sole judge of the credibility of witnesses or the weight of

the evidence. *State v. Summers, supra* at 332, 614 P.2d at 930; *State v. Kekaualua,* 50 Haw. 130, 133, 433 P.2d 131, 133 (1967); *State v. Carvelo,* 45 Haw. 16, 33, 361 P.2d 45, 54 (1961).

The record shows that at trial Mrs. Ohta identified appellant as one of the perpetrators of the crime. Her in-court identification was bolstered by her testimony that she was able to identify appellant from a ten-person photographic lineup eight or nine days after the robbery. The record shows further that appellant's fingerprints were taken from surfaces within the restroom.

Appellant seeks to cast doubt upon Mrs. Ohta's in-court identification by pointing out that she had testified that she looked at the gunman only once and then just for an instance. Appellant's emphasis on the evidence is misplaced. The record shows that Mrs. Ohta observed the gunman at several points in time. She observed him when he was holding a gun at her, when he locked the door, when he told her to take her rings off, and when he waited while the second male removed her rings.

Appellant also argues that Mr. Taira's testimony and out-of-court statements cast doubt on the identification made by Mrs. Ohta. Specifically, appellant points to Mr. Taira's failure to place appellant at the scene of the robbery and to conflicts in their testimonies.

We are of the opinion that appellant's argument has to do with the weight of Mrs. Ohta's in-court identification. We find that upon application of the established standards to the evidence adduced at trial, there was substantial evidence upon which to uphold the jury's determination.

### III.

The second issue is whether the extended term sentence was supported by adequate reasons and facts.

HRS § 706-662 sets forth a two-step process required of the trial court in the imposition of an extended term sentence. *State v. Huelsman,* 60 Haw. 71, 588 P.2d 394 (1978). Under *Huelsman,* the first step involves a finding by the court that the defendant is within the class of offenders specified under the statute. After the first step of this process has been completed, the court must determine that the defendant's commitment for an extended term is necessary for the protection of the public. *Id.* at 76-77, 588 P.2d at 398.

We also stated in *Huelsman* that "the sentencing court shall state on the record its reasons for determining that commitment of the defendant for an extended term is necessary for protection of the public and shall enter into the record all findings of fact which are necessary to its decision." *Id.* at 92, 588 P.2d at 407.

The record supports the trial court's findings that appellant was previously convicted of at least two felonies committed at different times subsequent to his eighteenth birthday, and that on the date of sentencing he was at least 22 years old. The trial court also found that appellant's commitment for an extended term is necessary for the protection of the public.

The trial court in the instant case based the extended term sentence upon appellant's lengthy criminal record, and the fact that the instant offense is his fourth felony conviction. The trial court also based its decision upon the manner in which appellant committed the offense, and the fact that a weapon was used in the commission of the crime.

Under the above circumstances, the trial court was justified in concluding that the defendant's criminality was so extensive and required protection of the public to such an extent that the imposition of the extended term was warranted. *State v. Alexander,* 62 Haw. 112, 612 P.2d 110 (1980).

We conclude that the two-step process under *Huelsman* was satisfied.

Affirmed.

*Rogers M. Ikenaga* on the brief for defendant-appellant.

*Mark S. Kawata,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.