77 P.3d 948

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Michael G. AKI, Defendant–Appellant.**

**No. 24573.**

Intermediate Court of Appeals of Hawai'i.

Sept. 8, 2003.

Certiorari Denied Oct. 20, 2003.

458

James S. Tabe, Deputy Public Defender, State of Hawai'i, on the briefs, for defendant-appellant.

Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the court by LIM, J.

Defendant–Appellant Michael G. Aki (Aki) appeals from the September 12, 2001 judgment of the Family Court of the First Circuit, Judge Michael D. Wilson presiding, that convicted him of abuse of family or household members, a violation of Hawaii Revised Statutes (HRS) § 709–906 (1993 & Supp.2002).[1] Aki stakes out four points of error on appeal: (1) that the family court plainly erred in its jury instruction on the material elements of the offense, in light of *State v. Aganon*, 97 Hawai'i 299, 36 P.3d 1269 (2001); (2) that the family court plainly erred in failing to either (a) require prosecutorial election of a specific culpable act, or (b) give a specific jury instruction on unanimity, as required by *State v. Arceo*, 84 Hawai'i 1, 32–33, 928 P.2d 843, 874–75 (1996); (3) that there was insufficient evidence of *mens rea* as to the result of his conduct; and (4) that there was insufficient evidence to disprove his justification defense of self-defense. We disagree, and affirm.

---

1. Hawaii Revised Statutes (HRS) § 709–906(1) (1993 & Supp.2002) provides, in pertinent part, that "[i]t shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]" *See also* HRS § 702–204 (1993) ("When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly"); *State v. Eastman*, 81 Hawai'i 131, 140, 913 P.2d 57, 66 (1996) (pursuant to HRS § 702–204, "the requisite state of mind for a violation of HRS § 709–906(1) is that of acting intentionally, knowingly, or reckless-

ly"); *State v. Tomas*, 84 Hawai'i 253, 257, 933 P.2d 90, 94 (App.1997) ("to 'physically abuse' someone under HRS § 709–906(1) means to maltreat in such a manner as to cause injury, hurt or damage to that person's body" (citations and some internal quotation marks omitted)); *State v. Nomura*, 79 Hawai'i 413, 415–16, 903 P.2d 718, 720–21 (App.1995) (in a prosecution for abuse of family or household members, jury instructions defining "physical abuse" as "causing bodily injury to another person[,]" and "bodily injury" as "physical pain, illness or any impairment of physical conditions [ (sic),]" were not incorrect (block quote format omitted)).

## I. Background

On July 23, 2001, a complaint was filed against Aki, alleging that he physically abused his live-in girlfriend, Kathleen Clark (Clark), on July 22, 2001.

At Aki's September 12, 2001 jury trial, Plaintiff–Appellee State of Hawai'i put in evidence the written statement Clark had given to the police immediately after the incident. In it, Clark had written:

> On July 21, 2001 at about 11:00 PM Michael and I had an argument. I left so that there wouldn't be any altercations. We've been boyfriend & girlfriend for about 18 months and recently moved in together at the above address. I returned home at approx. 1 AM on July 22, 2001. When I returned home, he was not present and I placed a chair in front of the door so that I would wake up and hear him come. At about 3:30 AM, July 22, 2001 I awoke and noticed that the chair was not in front of the door and I called his name, Michael. He answered and I told him that I was not going to take any more of his abuse. He immediately grabbed me by the hair and pulled and then hit me in the mouth. I fell on the floor, onto some curtains on the floor that now have blood on them. Approx. 10 minutes later HPD arrived. I'm not sure exactly how I was struck, but possibly open handed rather than with closed fist. I am willing to prosecute.

Her trial testimony was, however, markedly different. Clark, who was still Aki's live-in girlfriend and in love with him at the time of trial, testified that she was angry and the aggressor throughout the early morning confrontation, relentlessly berating Aki and poking, pushing and slapping him. Clark claimed that Aki, in response, merely placed his hand on her mouth and pushed her away, whereupon she tripped or slipped and fell back onto the bed. She then noticed an injury to her lip and blood on some curtains that were lying on the bed. Clark claimed that Aki pushed her in self-defense, to get her away from him and to get her to stop. She repudiated her statement to the police, saying that she had written it under "an awful lot of duress" and that it was "inaccu-rate." Aki's testimony in his defense largely paralleled Clark's trial testimony.

## II. Standards of Review

### A. Plain Error.

Because Aki failed to object to the jury instructions *sub judice*, he asserts plain error on appeal.

Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Obversely, HRPP Rule 52(a) provides, "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Specifically, HRPP Rule 30(f) provides, in pertinent part, "No party may assign as error the giving or the refusal to give, or the modification of, an instruction, ... unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection." *See also State v. Corpuz*, 3 Haw.App. 206, 216, 646 P.2d 976, 983 (1982) (citing the predecessor rule to HRPP Rule 30(f)—"Rule 30(e), HRPP (1977)," then holding that "[s]ince the instruction was not prejudicial to the defendant and the defendant made no objection, he cannot now raise the question on appeal. *State v. Onishi*, 59 Haw. 384, 581 P.2d 763 (1978); *State v. McNulty*, 60 Haw. 259, 588 P.2d 438 (1978)").

"The general rule is that a reviewing court will not consider issues not raised before the trial court." *Corpuz*, 3 Haw.App. at 211, 646 P.2d at 980. "This court's power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system—that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." *State v. Kelekolio*, 74 Haw. 479, 515, 849 P.2d 58, 74–75 (1993) (citation omitted). "This court will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." *State v. Vanstory*, 91 Hawai'i 33, 42,

979 P.2d 1059, 1068 (1999) (brackets, citation and internal quotation marks omitted).

### B. Jury Instructions.

"The standard of review for a trial court's issuance or refusal of a jury instruction is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." *State v. Balanza*, 93 Hawai'i 279, 283, 1 P.3d 281, 285 (2000) (quotation [ (sic) ] and internal quotation marks omitted). "Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial." *State v. Sua*, 92 Hawai'i 61, 69, 987 P.2d 959, 967 (1999) (quoting *State v. Pinero*, 70 Haw. 509, 527, 778 P.2d 704, 716 (1989) (quotation [ (sic) ] omitted)). In other words,

> error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error may have contributed to conviction.

*Id.* (quoting *State v. Heard*, 64 Haw. 193, 194, 638 P.2d 307, 308 (1981) (citations omitted)).

Jury instructions "to which no objection has been made at trial will be reviewed only for plain error." *State v. Sawyer*, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998) (citing *Pinero*, 75 Haw. at 291–92, 859 P.2d at 1374). If the substantial rights of the defendant have been affected adversely, the error may be considered as plain error. *See id.*

*Aganon*, 97 Hawai'i at 302, 36 P.3d at 1272 (original brackets omitted).

### C. Sufficiency of the Evidence.

The test on appeal for a claim of insufficient evidence is "whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact." *State v. Ildefonso*, 72 Haw. 573, 576, 827 P.2d 648, 651 (1992) (citations omitted). *See also State v. Tamura*, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). "Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a man of reasonable caution to reach a conclusion." *Ildefonso*, 72 Haw. at 577, 827 P.2d at 651 (citation, internal quotations marks and ellipsis omitted). "The jury, as the trier of fact, is the sole judge of the credibility of witnesses or the weight of the evidence." *Tamura*, 63 Haw. at 637–38, 633 P.2d at 1117 (citations omitted). "[V]erdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the jury's findings." *Tsugawa v. Reinartz*, 56 Haw. 67, 71, 527 P.2d 1278, 1282 (1974) (citation and internal quotation marks omitted). "It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for the conviction." *Ildefonso*, 72 Haw. at 576–77, 827 P.2d at 651 (citation and internal quotation marks omitted).

### III. Discussion

#### A. Jury Instruction on the Material Elements of the Offense.

For his first point of error on appeal, Aki contends the family court committed plain error when it gave the following jury instruction:

> The Defendant, Michael Aki, is charged with the offense of Abuse of Family and Household Members.
>
> A person commits the offense of Abuse of Family and Household Members if he intentionally, knowingly, or recklessly physically abuses a family or household member.
>
> There are four material elements to this charge, each of which the prosecution must prove beyond a reasonable doubt.
>
> These four elements are:
>
> 1. That on or about July 22, 2001, in the City and County of Honolulu, State of Hawai[']i, the Defendant physically abused Kathleen Clark;

2. That at the time, the Defendant and Kathleen Clark were either a family or household member[;]

3. That the force used by the Defendant was not justifiable as self-defense, and;

4. That the Defendant did so intentionally, knowingly, or recklessly.

"Family or household member" means spouses, persons who have a child in common, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

"Physical abuse" means causing bodily injury to another person.

"Bodily injury" means physical pain, illness or any impairment of physical condition.

. . . .

A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.

A person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes or hopes that they exist.

A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.

A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

A person acts knowingly with respect to a result of his conduct when it is practically certain that his conduct will cause such a result.

A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.

A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

A risk is substantial and unjustifiable if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law abiding person would observe in the same situation.

Relying upon the Hawai‘i Supreme Court's opinion in *Aganon, supra,* Aki avers that the family court's instruction on the material elements of the offense was "plainly erroneous inasmuch as (1) the instruction improperly listed the state of mind as a separate element, (2) the instruction failed to separate the elements of 'conduct' and 'result,' and (3) the instruction failed to specify that the state of mind applied to all elements of the offense."

■ With respect to point (1), Aki concedes that listing the state of mind as a separate element might be viewed as mere technical error and not reversible error. Because this error "did not adversely affect [Aki's] substantial rights[,]" *Aganon,* 97 Hawai‘i at 303, 36 P.3d at 1273, "we decline to notice it as plain error." *State v. Sugihara,* 101 Hawai‘i 361, 367, 68 P.3d 635, 641 (App. 2003). *See also Corpuz,* 3 Haw.App. at 216, 646 P.2d at 983 ("Since the instruction was not prejudicial to the defendant and the defendant made no objection, he cannot now raise the question on appeal.") (Citations omitted.)

■ Aki concedes that his point (2) also raises innocuous, technical error. As we have recognized:

The combination of conduct and result in a single element does not, in and of itself, portend prejudice. *Aganon,* 97 Hawai‘i at 303, 36 P.3d at 1273. Hence, on Sugihara's second point of error, so cabined, we will not notice plain error. *Id.,* at 302, 36 P.3d at 1272; *Corpuz,* 3 Haw.App. at 216, 646 P.2d at 983; HRPP Rules 52(a) & 30(f).

*Sugihara,* 101 Hawai‘i at 367, 68 P.3d at 641.

■ Focusing his argument on point (3), Aki explains that the family court's failure to

instruct the jury that it was required to find *mens rea* as to each element of the offense [2] "allowed the jury to conclude guilt without finding that Aki committed each element of the offense with the requisite state of mind." Specifically, "the jury was not provided with an instruction requiring it to find that the state of mind has been proven with respect to both the conduct and result element of the offense." We disagree, because a common-sensical reading of the plain and simple language of the instruction yields a clear command that the jury find, beyond a reasonable doubt, that Aki "physically abused Kathleen Clark[,]" and that he "did so intentionally, knowingly, or recklessly." In this unitary fashion, *mens rea* was required not only as to conduct—Aki "physically abused Kathleen Clark"—but simultaneously as to result under the definition of "physical abuse" the family court gave to the jury—" 'Physical abuse' means *causing* bodily injury to another person." (Emphasis added.) [3]

■ Relatedly, Aki points out that the family court's definitions of the applicable states of mind were stated simply as such and not related or "bridged" in any way to its instruction on the material elements of the offense. Aki thereupon argues that "because the offense was not properly defined in terms of its 'conduct' and 'result' element, the jury did not know that, by the definitions of state of mind given, it must find state of mind with respect to both 'conduct' and 'result.' " Inasmuch as we have rejected Aki's predicate point, so must we also decide that Aki's related point lacks merit.

■ We conclude, on Aki's first point of error, that the family court's elemental in-

2. HRS § 702–205 (1993) provides that, "The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of conduct, as: (a) Are specified by the definition of the offense, and (b) Negative a defense (other than a defense based on the statute of limitations, lack of venue, or lack of jurisdiction)." (Format modified.) HRS § 701–114 (1993) provides, in relevant part, that "no person may be convicted of an offense unless the following are proved beyond a reasonable doubt: (a) Each element of the offense; (b) The state of mind required to establish each element of the offense[.]" (Format modified.) HRS § 702–204 provides, in pertinent part, that "a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense." *See also* HRS § 702–207 (1993) ("When the definition of an offense specifies the state of mind sufficient for the commission of that offense, without distinguishing among the elements thereof, the specified state of mind shall apply to all elements of the offense, unless a contrary purpose plainly appears."); *State v. Aganon*, 97 Hawai'i 299, 302, 36 P.3d 1269, 1272 (2001) (" 'no person may be convicted of an offense unless the state of mind required to establish each element of the offense' is proven beyond a reasonable doubt" (brackets, ellipsis and emphasis omitted) (quoting HRS § 701–114 and also citing HRS §§ 702–204 & –205)).

3. *Cf. State v. Sugihara*, 101 Hawai'i 361, 68 P.3d 635 (App.2003), in which the subject offense was violation of an order for protection, a violation of HRS § 586–11 (Supp.2002) (in pertinent part, "a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor"), *id.* at 362–63, 68 P.3d at 636–37, and in which the family court gave the jury elemental instruction as follows:

There are four material elements of the offense of Violation of An Order for Protection, each of which the prosecution must prove beyond a reasonable doubt.
These four elements are:
1. That on or about May 3, 2001, on the island of Oahu, an Order for Protection issued by a Judge of the Family Court prohibiting the Defendant from engaging in certain conduct was in effect; and
2. That the Defendant was present at the hearing in which the Judge of the Family Court issued the Order for Protection or was personally served with a copy of the Order for Protection prior to May 3, 2001; and
3. That the Defendant engaged in conduct which was prohibited by the Order for Protection; and
4. That the Defendant engaged in said conduct intentionally or knowingly.

*Id.* at 363, 68 P.3d at 637. There, upon defense arguments based upon *Aganon*, *supra*, virtually identical to those made here, presented in language virtually identical to that presented here, and written by the same appellate defense counsel, we held:

In the clear light of common sense, we can easily see that in the family court's instruction, the "said conduct" that Sugihara had to have "engaged in ... intentionally or knowingly" was "conduct which was prohibited by the Order for Protection." Not only was the requisite state of mind thus established with respect to conduct prohibited by the order for protection, but axiomatically also with respect to conduct that violated an order for protection then in effect.

struction, "when read and considered as a whole," was not "prejudicially insufficient, erroneous, inconsistent, or misleading." *Balanza*, 93 Hawai'i at 283, 1 P.3d at 285 (brackets, citation and internal quotation marks omitted). *See also Corpuz*, 3 Haw. App. at 216, 646 P.2d at 983.

### B. Jury Unanimity.

■ For his second point of error on appeal, Aki asserts that the family court plainly erred in failing to either (a) require prosecutorial election of a specific culpable act or (b) give a specific jury instruction on unanimity, and thus violated his constitutional rights to due process and a unanimous jury verdict, all according to *Arceo*, 84 Hawai'i at 32–33, 928 P.2d at 874–75.[1] Aki explains:

> In the instant case, the State charged Aki with one count of Abuse of Family and Household Members. However, there were two separate and distinct underlying acts, [for] which the jurors could have found Aki guilty: (1) Aki, with an open hand, pushed Clark in the mouth, and (2) Aki grabbed and pulled Clark's hair. Where such a situation occurs, the State, prior to the close of its case, must elect what underlying act it was relying upon to prove the conduct element of the charge; or, the jury must be given a specific unanimity instruction which should have advised them that all twelve members had to agree that the same underlying criminal act had been proved beyond a reasonable doubt. *Arceo*, 84 Hawai'i at 32–33, 928 P.2d at 874–75.

This is not a problem. In a case like this involving an offense like this, the focus is on the single incident of culpable conduct, and not on its component acts, and the *Arceo* doctrine simply does not apply. *State v. Valentine*, 93 Hawai'i 199, 208–9, 998 P.2d 479, 488–89 (2000) (even in the absence of a jury unanimity instruction, there was no danger that the jury could have predicated conviction of a single count of attempted prohibited possession of a firearm upon disparate factual findings, where the defendant's struggle with a police officer, in which the defendant grabbed the officer's belt, touched the officer's firearm and held onto the handle of the firearm, constituted "but a single incident of culpable conduct"); *State v. Rapoza*, 95 Hawai'i 321, 328–30, 22 P.3d 968, 975–77 (2001).

### C. Sufficiency of the Evidence.

In his penultimate and ultimate points of error, Aki attacks the sufficiency of the evidence adduced at trial. Aki avers, respectively, (1) that the evidence was insufficient to show he acted intentionally, knowingly or recklessly with respect to the result of his conduct—bodily injury to Clark; and (2) that the evidence was insufficient to negative his justification defense of self-defense.[5] As to his first averment, Aki argues:

> The evidence adduced at trial demonstrates that Aki did not act with the criminal state of mind to physically abuse Clark. . . . The facts indicate that Aki was simply trying to push Clark away when she continued to attack him. Clark was so angry that Aki was unable to calm her down or get her to leave him alone. Despite Aki's best efforts to avoid using physical force, Clark continued to poke, hit and slap Aki. Because Clark would not stop

*Id.* at 368–69, 68 P.3d at 642–43.

**4.** "Accordingly, we hold that when separate and distinct culpable acts are subsumed within a single count charging a sexual assault—any one of which could support a conviction thereunder—and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, *i.e.*, an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt." *State v. Arceo*, 84 Hawai'i 1, 32–33, 928 P.2d 843, 874–75 (1996) (footnote omitted).

**5.** HRS § 703–304(1) (1993) provides, in pertinent part, that "the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion." HRS § 703–300 (1993) defines "force" as "any bodily impact, restraint, confinement, or the threat thereof[,]" and "believes" as "reasonably believes."

inflicting unlawful force upon Aki, he finally pushed her away. Clearly Aki was not trying to hurt or injure Clark.

As to his second averment, Aki argues:

Aki testified that he had pushed Clark in order to stop her from hitting him. Clark, who ignored Aki's repeated pleas to stop and to leave him alone, continued to slap, poke and push Aki. Accordingly, Aki had the requisite subjective belief that his use of force was necessary.

Aki's subjective belief was also objectively reasonable. Clark, by her own admission, was the aggressor and was using unlawful force against Aki. She admitted that she slapped, poked, and hit Aki continuously throughout their argument. She also testified that Aki repeatedly pleaded with her to stop and to leave him alone; however, Clark, who was very angry with Aki, ignored his pleas. Moreover, Aki used only enough force as reasonably necessary to prevent Clark from continuing her attack. Aki's use of force was limited to one push. Aki did not use any additional force because after the one push, Clark had stopped attacking him.

 Clearly, for both arguments, Aki relies upon the story supported by his and Clark's trial testimonies. Aki forgets that, where the sufficiency of the evidence is concerned, we take the evidence "in the light most favorable to the State[.]" *Ildefonso,* 72 Haw. at 576, 827 P.2d at 651 (citations omitted). From that perspective, Clark's written statement to the police prevails. In that version of the incident, Aki, in the heat of argument, grabbed and pulled Clark's hair, then hit her in the mouth, immediately after Clark had told him she was "not going to take any more of his abuse." To be sure, this was substantial evidence for the jury to find *mens rea* as to result:

Moreover, we have held that persons of ordinary intelligence would have a reasonable opportunity to know that causing physical injury by punching someone in the face would constitute physical abuse. *State v. Kameenui,* 69 Haw. 620, 623, 753 P.2d 1250, 1252 (1988). Absent a legal justification or excuse, a slap on the side of the head involves, at a minimum, a sub-

stantial and unjustifiable risk, i.e., "a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation." HRS § 702–206(3)(d) (1993).

The same substantial evidence showing that Eastman slapped [the complaining witness (the CW) ] on the side of her head also supports a finding that, at a minimum, Eastman consciously disregarded a substantial and unjustifiable risk of physically abusing [the CW]. Therefore, the prosecution provided substantial evidence from which the trial court could infer that Eastman physically abused [the CW] with the minimum requisite state of mind, *i.e.,* recklessness, for a conviction under HRS § 709–906(1).

*State v. Eastman,* 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996). It was also substantial evidence for the jury to find that the State had disproved self-defense—indeed, that there was no support at all for a justification defense in the version of the incident most favorable to the State. *Ildefonso,* 72 Haw. at 576, 827 P.2d at 651.

 In the final analysis, Aki's plaint of insufficiency of the evidence is, that the jury should not have believed the written statement over the live testimony at trial. But credibility and weight of the evidence are matters that begin and end with the jury, and concern us not on appeal. *Tamura,* 63 Haw. at 637–38, 633 P.2d at 1117. *Cf. State v. Eastman,* 81 Hawai'i at 139, 913 P.2d at 65 ("It was within the trial court's prerogative to believe [the CW's] prior inconsistent statements in the [Victim's Voluntary Statement Form] and to disbelieve [the CW's] oral testimony in court.").

## IV. Conclusion

The September 12, 2001 judgment of the family court is affirmed.