STATE OF HAWAII, Plaintiff-Appellee,
v.
RICHARD PERALTA, Defendant-Appellant.
No. 26659.
Intermediate Court of Appeals of Hawaii.
February 12, 2007.
On the briefs: Leland B.T. Look, for Defendant-Appellant.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: BURNS, C.J., Foley, and Nakamura, JJ.)
Defendant-Appellant Richard Peralta (Peralta) appeals from the Judgment filed on June 1, 2004, in the Family Court of the First Circuit (family court).[1] A jury found Peralta guilty of abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2003).[2] The alleged victim was Peralta's girlfriend (hereinafter "Girlfriend"). Peralta and Girlfriend were living together and had been in a long-term relationship. The family court sentenced Peralta to a two-year term of probation, subject to a special condition that he serve a ninety-day term of incarceration.
On appeal, Peralta argues that: 1) there was insufficient evidence to support his conviction; 2) the family court erred in permitting a police officer to testify about a hearsay statement made by a third party; and 3) the family court erred in permitting the officer to testify that Girlfriend did not appear to be under the influence of drugs. We affirm.
After a careful review of the record and the briefs submitted by the parties, we resolve Peralta's arguments on appeal as follows:

I.
There was sufficient evidence to support Peralta's conviction. A day after the alleged incident, Girlfriend provided the police with a written statement, which she dictated to her mother and then signed. In the written statement, Girlfriend alleged that Peralta had punched Girlfriend in the head with a closed fist, hit her head with a metal curtain rod, and kicked her while she was on the ground. At trial, Girlfriend recanted her prior allegations and testified that Peralta had attempted to restrain her from going out with friends but had not assaulted her. Girlfriend's written statement was introduced in evidence.
Peralta's insufficiency of evidence claim is based on his contention that the jury should have believed Girlfriend's trial testimony and not her written statement. However, the credibility of witnesses and the weight of the evidence is for the trier of fact to determine, not the appellate courts. State v. Tamura, 63 Haw. 636, 637-38, 633 P.2d 1115, 1117 (1981); State v. Eastman, 81 Hawai`i 131, 139, 913 P.2d 57, 65 (1996). Girlfriend's written statement and the other evidence presented at trial provided substantial evidence to support Peralta's conviction. See Eastman, 81 Hawai`i at 139, 913 P.2d at 65.

II.
Officer John Agena (Officer Agena) was dispatched to Peralta's residence on an "argument call." Officer Agena testified that he was greeted at the door by an elderly female, presumably Peralta's mother, who said, "My son is arguing with his girlfriend." The family court initially sustained Peralta's hearsay objection but reconsidered and permitted the prosecutor to again ask Officer Agena what the elderly woman had said under the "present sense impression" exception to the hearsay rule, Hawaii Rules of Evidence (HRE) Rule 803(b)(1) (1993). Officer Agena then testified that the elderly woman had said that "her son was arguing with his girlfriend."
We agree with Peralta that the family court erred in permitting Officer Agena to testify about the elderly woman's statement as a present sense impression, but we conclude that the error was harmless beyond a reasonable doubt. Hawai`i Rules of Penal Procedure (HRPP) Rule 52(a) (2007). The fact that Peralta and Girlfriend had been arguing was not in dispute. Peralta's counsel conceded that Peralta had been arguing with Girlfriend in counsel's opening statement and closing argument. In addition, Girlfriend testified that she and Peralta had been arguing and Officer Agena testified, without objection, that both Peralta and Girlfriend told the officer they had gotten into a verbal argument. The elderly woman's statement was merely cumulative of other evidence admitted at trial, and the erroneous admission of the elderly woman's statement as a present sense impression did not affect Peralta's substantial rights. See State v. Clark, 83 Hawai`i 289, 298, 926 P.2d 194, 203 (1996); State v. Crisostomo, 94 Hawai`i 282, 290, 12 P.3d 873, 881 (2000).

III.
Girlfriend testified at trial that she did not remember "all the little details" of the incident with Peralta because it occurred "a long time" ago and because she was under the influence of crystal methamphetamine and marijuana at the time. She also stated that her drug use disorted her perception of the incident. Peralta argues that the family court erred in permitting Officer Agena to testify that Girlfriend did not appear to be under the influence of any drugs on the day of the incident because the prosecution failed to lay a sufficient foundation for Officer Agena's testimony. We disagree.
When viewed in context, the most reasonable interpretation of Officer Agena testimony was that he did not believe Girlfriend was under the influence of crystal methamphetamine and that his opinion did not extend to whether she was under the influence of marijuana. When placed in its proper context, there was sufficient foundation for Officer Agena's testimony. Officer Agena stated that he had come into contact with people under the influence of drugs about 70 times per year and was familiar with the effects of crystal methamphetamine.[3] He made clear, however, that he did not have experience dealing with people who used marijuana and did not know the effects or symptoms of marijuana use. It light of Officer Agena's admitted lack of experience and knowledge regarding the effects of marijuana use, the jury obviously understood that his opinion did not extend to whether Girlfriend appeared to be under the influence of marijuana.[4] To the extent that Officer Agena's stated opinion was overbroad, the overbreadth was obvious to the jury and harmless beyond a reasonable doubt. See State v. Keaweehu, 110 Hawai`i 129, 138, 129 P.3d 1157, 1166 (App. 2006).

IV.
IT IS HEREBY ORDERED that the June 1, 2004, Judgment of the Family Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Reynaldo D. Graulty presided.
[2] At the time of the charged offense, Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2003) provided, in relevant part:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member .
For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.
[3] Officer John Agena (Officer Agena) stated that he had been a police officer for five-and-a-half years.
[4] We note that Defendant-Appellant Richard Peralta (Peralta) did not object when Officer Agena testified that Peralta's girlfriend (hereinafter "Girlfriend") did not appear to be under the influence of any drugs. Officer Agena's opinion testimony came immediately after Officer Agena had stated that he was familiar with the effects of crystal methamphetamine but not the effects of marijuana. Peralta's failure to object suggests that Peralta viewed the officer's opinion as not extending to whether Girlfriend was under the influence of marijuana.