STATE OF HAWAI`I, Plaintiff-Appellee,
v.
OPETI TULIA, Defendant-Appellant.
No. 26639.
Intermediate Court of Appeals of Hawaii.
March 29, 2007.
On the briefs:
Emmanuel G. Guerrero (Law Offices of Emmanuel G. Guerrero) for Defendant-Appellant.
Daniel H. Shimizu, Deputy Prosecuting Attorney City and County of Honolulu for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
BURNS, Chief Judge, WATANABE, and NAKAMURA, JJ.
Defendant-Appellant Opeti Tulia (Tulia) appeals from the Judgment entered on April 20, 2004, by the Family Court of the First Circuit (family court).[1] After a jury trial, Tulia was found guilty of abuse of a family or household member, in violation of Hawaii Revised Statutes (HRS) Section 709-906 (Supp. 2003).[2] The family court sentenced Tulia to a term of imprisonment of six months, with credit for time served.
The complaining witness (CW) was Tulia's wife. At trial, the CW recanted her prior accusation that Tulia had beaten her and instead testified that she had been the aggressor and that Tulia had simply warded her off in self-defense. In response, Plaintiff-Appellee State of Hawai`i (the State) introduced the written statement the CW had provided to one of the officers who responded to the incident. In her written statement, the CW stated in relevant part:
We arrived at home and [Tulia] started hitting me (punching) on my face several times on the back of my head and on my face (left side). Swearing at me. [Tulia] was drunk. Grabbing my arm. Throw me on the ground by my hair. My left side of my face has pain and left side of my head[.]
The CW made verbal statements to the responding police officers that were consistent with her written statement. Over Tulia's hearsay objection, the family court admitted the officers' testimony about the CW's verbal statements as "excited utterances.". The officers observed injuries to the CW's face and did not see any marks on Tulia's body. The CW's written statement did not contain any indication that the CW had assaulted Tulia or that Tulia had acted in self-defense. One of the responding officers who questioned the CW testified that the CW made no mention of causing any physical contact with Tulia.
Consistent with the CW's trial testimony, Tulia testified that the CW had pushed, kicked, and hit him. Tulia stated that he grabbed the CW to stop her from hurting him. He also testified that he may have accidentally hit the CW in the face while he was attempting to hold on to something to break his fall.
On appeal, Tulia argues that: 1) the family court erred in admitting the CW's verbal statements to the officers who responded to the incident as "excited utterances;" 2) because the State failed to negate his self-defense claim, there was insufficient evidence to support his conviction and the family court erred in denying his motions for judgment of acquittal; and 3) the family court erred in instructing the jury that Tulia could be convicted based on a reckless state of mind.
After a careful review of the record and the briefs submitted by the parties, we affirm the Judgment. We resolve Tulia's arguments on appeal as follows:
1. We need not decide whether the family court erred in admitting the CW's verbal statements to the responding police officers as "exited utterances" because we conclude that any such error was harmless beyond a reasonable doubt. See Hawaii Rules of Penal Procedure (HRPP) Rule 52(a) (2007). The CW's written statement was properly admitted as substantive evidence after the CW recanted her allegations of abuse. Hawaii Rules of Evidence (HRE) Rule 802.1 (1993); State v. Eastman, 81 Hawai`i 131, 135-39, 913 P.2d 57, 61-65 (1996). The police officers' testimony regarding what the CW told them on the night of Tulia's arrest was merely cumulative of the CW's written statement, which was properly admitted. Therefore, any error in admitting the officers' testimony did not affect Tulia's substantial rights. See State v. Clark, 83 Hawai`i 289, 298, 926 P.2d 194, 203 (1996); State v. Crisostomo, 94 Hawaii 282, 290, 12 P.3d 873, 881 (2000).
2. There was sufficient evidence for the jury to conclude that Tulia did not act in self-defense. The State produced evidence that the CW signed a written statement accusing Tulia of having punched her in the face and head and thrown her to the ground by the hair, that the officers observed swelling on the CW's face and marks on her arm, and that the officers did not observe any injuries or ma kings on Tulia s body. This evidence, taken together and viewed in the light most favorable to the State, was sufficient for the jury to conclude that Tulia, not the CW, had been the aggressor and that Tulia's use of force was not justified. See State v. Aki, 102 Hawai`i 457, 464, 77 P.3d 948, 955 (2003); Eastman, 81 Hawai`i at 139, 141, 913 P.2d at 65, 67. There was substantial evidence to support Tulia's conviction, and the family court did not err in denying Tulia's motions for judgment of acquittal.
3. The family court did not err in giving an instruction on the offense of abuse of a family or household member that permitted conviction based on a reckless state of mind.[3] Proof that the defendant physically abused a family or household member with a reckless state of mind is sufficient to establish the offense. Eastman, 81 Hawaii at 135, 139-40, 913 P.2d at 61, 65-66.
Tulia nevertheless contends that because the State only attempted to prove that Tulia knowingly or intentionally abused the CW, it was improper to instruct the jury that the charged offense could be committed with a reckless state of mind. Tulia's argument is without merit. HRS Section 702-208 (1993) provides, in relevant part, that "[w]hen the law provides that recklessness is sufficient to establish an element of an offense, that element also is established if, with respect thereto, a person acts intentionally or knowingly." In any event, the State produced substantial evidence from which the jury could reasonably conclude that Tulia acted with a reckless state of mind. The family court's instruction properly permitted conviction based on a reckless state of mind.
IT IS HEREBY ORDERED that the April 20, 2004, Judgment entered by the Family Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Reynaldo Graulty presided.
[2] At the time of the charged offense, Hawaii Revised Statutes (HRS) Section 709-906 (Supp. 2003) provided, in relevant part, as follows:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member. . . .
For the purposes of this section, `family or household member' means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.
[3] The instruction given by the Family Court of the First Circuit (family court) tracked the language of Hawaii Standard Jury Instruction-Criminal (HAWJIC) 11.06 (2000), which is the HAWJIC instruction for the offense of abuse of family or household members. With the exception of some minor, immaterial differences, the instruction given by the family court was identical to HAWJIC 11.06.