STATE OF HAWAI`I, Plaintiff-Appellee,
v.
CHRISTOPHER KAI BESSERT, Defendant-Appellant
No. 28591.
Intermediate Court of Appeals of Hawaii.
June 17, 2008.
Melissa N. Lam, Deputy Public Defender, for Defendant-Appellant.
Tracy Murakami, Deputy Prosecuting Attorney, County of Kauai, for Plaintiff-Appellee.
RECKTENWALD, C. J., FOLEY AND FUJISE, JJ.

SUMMARY DISPOSITION ORDER
Defendant-Appellant Christopher Kai Bessert (Bessert) appeals from the Judgment filed on May 21, 2007 in the Family Court of the Fifth Circuit (family court).[1]
After a bench trial, Bessert was convicted of Abuse of Family or Household Members (Count I), in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2006), and Harassment (Count II), in violation of HRS § 711-1106 (Supp. 2006). The charges stemmed from an incident on August 1, 2006, in which Bessert allegedly pulled the hair of his wife, Ruebenette Bessert (Ruebenette), and threw a plate of noodles at her. The family court sentenced Bessert to imprisonment for a term of one year on Count I and 30 days on Count II, to be served concurrently.
On appeal, Bessert raises the following points of error:
(1) "The trial court erred in finding [Bessert] guilty of Abuse of Family or Household Member where [Bessert's] conduct did not constitute physical abuse under HRS § 709-906."
(2) "The trial court erred in finding [Bessert] guilty of Abuse of Family or Household Member where there was insufficient evidence to support a finding that he acted with the requisite state of mind to physically abuse Ruebenette."
(3) "The trial court erred in finding [Bessert] guilty of Harassment where [there] was insufficient evidence to show that he acted with the requisite state of mind for a conviction under HRS § 711-1106."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bessert's points of error as follows:
(1) There was substantial evidence that Bessert's act of pulling Ruebenette's hair constituted abuse under FIRS § 709-906 because it caused physical pain. State v. Nomura, 79 Hawai`i 413, 416, 903 P.2d 718, 721 (App. 1995). Ruebenette testified that Bessert pulled her hair with sufficient force to cause her to fall down, and that "a few" pieces of her hair were pulled out as a result. Ruebenette testified that the incident caused her pain, which she characterized as "small little pain." Considering the evidence in the light most favorable to the State of Hawai`i, State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998), we conclude that there was substantial evidence that Bessert's actions caused sufficient physical pain to Ruebenette to constitute abuse under HRS § 709-906.
(2) A reasonable inference can be drawn from the evidence that Bessert acted at least recklessly with respect to the risk that his pulling Ruebenette's hair would cause her physical pain. State v. Eastman, 81 Hawai`i 131, 141, 913 P.2d 57, 67 (1996); State v. Aki, 102 Hawai`i 457, 464, 77 P.3d 948, 955 (App. 2003).
(3) A reasonable inference can be drawn from the evidence that Bessert acted intentionally to harass, annoy, or alarm Ruebenette by throwing the plate of noodles at her. State v. Pesentheiner, 95 Hawai`i 290, 299, 22 P.3d 86, 95 (App. 2001).
Therefore,
IT IS HEREBY ORDERED that the Judgment filed on May 21, 2007 in the Family Court of the Fifth Circuit is affirmed.
NOTES
[1] The Honorable Joseph N. Kobayashi presided.