**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000399
01-JUN-2021
07:56 AM
Dkt. 67 SO**

NO. CAAP-20-0000399

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CLIFFORD L. ROSA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001438)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

After a jury trial Defendant-Appellant Clifford L. **Rosa** was convicted of Robbery in the First Degree (Count 1) and Robbery in the Second Degree (Count 2). He was sentenced to 20 years in prison on Count 1 and 10 years in prison on Count 2, to be served concurrently. He appeals from the "Judgment of Conviction and Sentence" entered by the Circuit Court of the First Circuit on May 26, 2020.[1] For the reasons explained below, we affirm.

Rosa contends: **(1)** the circuit court erred in denying his motion to sever Count 1 from Count 2; **(2)** he was convicted because of prosecutorial misconduct; **(3)** he received ineffective assistance from his defense counsel; and **(4)** the evidence was insufficient to convict him.

---

[1] The Honorable Todd W. Eddins presided.

**1.    The circuit court did not abuse its discretion by denying Rosa's motion to sever Counts 1 and 2.**

Rosa was indicted by the Oʻahu grand jury.  Count 1 alleged that on September 26, 2019, in the course of committing theft from the Pearl City Starbucks coffee shop while armed with a dangerous instrument or simulated firearm, Rosa threatened Noah **Silva** with intent to compel Silva's acquiescence to the taking of or escaping with the property, in violation of Hawaii Revised Statutes (**HRS**) § 708-840(1)(b)(ii).  At trial Silva testified that he was working at the cash register when Rosa approached.  Rosa said he had a gun in his bag and threatened to kill Silva and everyone else in the store if Silva did not give Rosa the money in the register.  Rosa showed Silva what looked like a gun in Rosa's bag.  Silva opened the register, filled a bag with money, and handed the bag to Rosa.  Rosa also took money from the tip jar in front of the register.

Count 2 of the indictment alleged that on September 26, 2019, in the course of committing theft in the parking lot of the Pearl City Foodland, Rosa used force against Geraldine **Chang** with the intent to overcome Chang's physical resistance or physical power of resistance, in violation of HRS § 708-841(1)(a).  At trial Chang testified she put her groceries in the backseat of her car.  Rosa was leaning on his car, which was parked behind Chang's car.  Rosa accused Chang of hitting his car.  Chang told Rosa she could not have hit his car because it was not there when she arrived, and his car was damaged on the passenger side but she was parked in front of him.  As Chang got into her car, Rosa held the driver's door open, grabbed Chang's handbag, and punched Chang.  Chang screamed.  Two women in the parking lot, Stefanie **Weaver** and Georgina **Fernandez**, approached Rosa and Chang.  Rosa gestured towards his waist and said, "I get one gun."

HRS § 806-22 (2014) allows multiple offenses to be joined in one indictment:

> When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, informations, or complaints, the whole may be joined in separate counts in one indictment, information, or complaint. . . .

Similarly, Rule 8 of the Hawaiʻi Rules of Penal Procedure (**HRPP**) provides, in relevant part:

> **(a) Joinder of offenses**.  Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses:
>
> (1)   are of the same or similar character, even if not part of a single scheme or plan; or
>
> (2)   are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Rosa's alleged offenses were similar in character and were both alleged to have happened in Pearl City on the same day. It was not improper to join them in one indictment.  Nonetheless, even if multiple charges are properly joined pursuant to HRPP Rule 8(a), they may be severed under HRPP Rule 14.  That rule provides, in relevant part:

> If it appears that a defendant . . . is prejudiced by a joinder of offenses . . . for trial together, the court may order an election or separate trials of counts[.]

Joinder of offenses can prejudice a defendant in three ways:

> (1)   preventing [them] from presenting conflicting defenses or evidence with respect to each charge,
>
> (2)   permitting the prosecution to introduce evidence that would be inadmissible with respect to certain charges if tried separately, or
>
> (3)   bolstering weak cases through the cumulative effect of the evidence.

State v. Cordeiro, 99 Hawaiʻi 390, 411, 56 P.3d 692, 713 (2002) (reformatted) (citations omitted).

> In deciding whether to sever consolidated charges pursuant to HRPP Rule 14, the trial court must weigh the possible prejudice to the defendant against the public interest in judicial economy. The decision to sever is in the sound discretion of the trial court; a defendant is not entitled to a severance as a matter of right.

Id. (cleaned up).

In this case, Rosa does not expressly argue that he was denied a fair trial for any of the reasons set forth in Cordeiro. Instead, he argues that one jury should not have been allowed to hear evidence that he committed two robberies on the same day. During the hearing on Rosa's motion to sever the circuit court ruled:

> So there's a proper joinder under Rule 8, but that doesn't end the inquiry because, obviously, the court then looks at Rule 14. As [defense counsel] points out, that the court may grant the relief of ordering separate trials on each of the counts if there is prejudice. Again, it's discretionary with the court. What I look at, the overriding concern, is whether or not the defendant will receive a fair trial. And, of course, you know, there -- there's some minimal prejudice always associated with multiple counts that perhaps occur in a -- in a little bit different way. But it's not prejudice, in my view, enough to compromise Mr. Rosa's right to a -- to a fair trial in this case.
>
> I have to balance, I have to weigh the possible prejudice to Mr. Rosa receiving a fair trial with the public interest and judicial economy. And I believe that when I balance that, pursuant to the Timas case of 1996 or the Balanza case from 2000 that the -- the weight and the calculus weighs in favor of consolidation of the counts in this case. As I mentioned, the police investigation of the two incidents are relatively connected. The decisions and issues regarding, as [the State] points out, with respect to the car does suggest some -- some nexus as far as the search for the firearm. And if we had separate trials, I think [defense counsel] would be arguing, well, why didn't they -- you know, the lack of evidence which can support reasonable doubt.
>
> I don't see the defense being compromised in -- in -- in presenting and pursuing any defenses that it deems appropriate in this case. Clearly defense has a Sixth Amendment constitutional right to present whatever defense it wants to present, and it can, and it's not thwarted by the consolidation of these cases.
>
> Moreover, any minimal prejudice or any prejudice is -- it's really ameliorated by the safeguards of limiting instructions as well as the jury instructions, specifically, the multiple count instruction in 4.06 of the Hawaii Pattern

> Criminal Jury Instructions. Plus, I'll be giving a limiting instruction -- I'll listen to [defense counsel] when we get to that stage of what might be a suitable limiting instruction to avoid the propensity issue that she -- she raises. Presumably the jury will follow all the instructions I give to them, and that's under the June (phonetic) case of 1996.
>
> So when I look at everything in its totality and I look at the Balanza case, the minimal prejudice to the defense is dispelled by the jury instructions that I could give. It's a palliative. And I look at the balancing, and it does waiver -- weigh in favor of consolidation. So for all those reasons, the motion is denied.

Under the circumstances, we cannot say that the circuit court abused its discretion by denying Rosa's motion to sever.

### 2. There was prosecutorial misconduct, but it was harmless beyond a reasonable doubt.

When a defendant alleges prosecutorial misconduct on appeal, we must decide: "(1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution." State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005).

After the incident, Chang was unable to identify Rosa in a photographic lineup. At trial, after Chang testified about what happened in the Foodland parking lot, the State asked her:

> Q Mrs. Chang, I'm -- I'm standing here to your left in front of the jury, because there is a gentleman that's seated over to my left --
>
> A Uh-huh.
>
> Q -- that could possibly be the individual that you interacted with on that day. Do you feel comfortable pointing him out, if he is that person, or do you not feel comfortable?
>
> A I'm not comfortable.
>
> Q Okay. And why do you not feel comfortable pointing him out?
>
> A Because I was afraid of him.

> Q Okay. So you're afraid of any type of possible retaliation by this --

The defense immediately objected. The circuit court sustained the objection and instructed the jury to "absolutely disregard that last question and any inference that could be possibly derived from that question. The objection is sustained. The jury is to disregard." Rosa argues the State knew that Chang was not able to identify Rosa in a photographic lineup, and improperly attempted to ascribe Chang's inability to identify Rosa to a fear of retaliation.

The Hawai'i Supreme Court has "repeatedly held that we will not overturn a defendant's conviction if the prosecution's misconduct was harmless beyond a reasonable doubt." Maluia, 107 Hawai'i at 27, 108 P.3d at 981. To determine whether alleged prosecutorial misconduct constitutes reversible error, we consider: (1) the nature of the alleged misconduct; (2) the promptness or lack of a curative instruction; and (3) the strength or weakness of the evidence against defendant. Id.

We conclude that the State's question, which implied that Chang's inability to identify Rosa was the result of witness intimidation, was improper. However, the circuit court immediately gave a curative instruction. On cross-examination, Rosa was able to establish that Chang had never been able to identify Rosa:

> Now, do you remember being asked by police to identify the person that did this to you at Foodland?
>
> A What -- yes.
>
> Q And do you remember a detective also speaking to you about what the person looked like who did this to you at Foodland?
>
> A Well, he showed me photos of it.
>
> Q Okay. So you recall a police officer showing you photographs about the -- photographs regarding what happened to you at Foodland, right?
>
> A No. What he just show -- yeah -- I mean what he showed was several photos of se -- um, individuals.

Q Okay.  And he showed you those several photos of individuals on the same day that this happened at Foodland, right?

A I'm not sure if it was the same day or the day after.

Q Okay.

A I'm not sure.

Q Did he come to your house or did you --

A Yes.

Q -- go somewhere else?

A No.  He came to the house.

Q And he showed you about six different photographs?

A Yes.

Q And then he asked you to try and pick out from the photographs --

A Yes.

Q -- the person who did this to you at Foodland, right?

A Yes.

Q Yes?

And you could not pick out the person who did this to you at Foodland, right?

A Yes.  I could not.

Q You couldn't identify anybody?

A Yep, because ***all the pictures were -- the person was all clean cut and the mouth was closed, I could not. Because the person that approached me at Foodland had long hair and was toothless.***

Q Okay.  So at Foodland the person -- and you moved your arms to your shoulders.  So that person had long hair at Foodland and didn't have any teeth?

A Yes.

Q And the photographs that you were shown, the people did not have long hair?

No?

A No.  No, huh-uh.

Q So you told that police officer that you can't recognize anyone.

A Yes.

Q And that you couldn't pick out anyone from any of those photos as the man --

A Yes.

Q -- who did this to you?

A Yes.

(Emphasis added.)  Before taking a recess the circuit court reminded the jury that it was to disregard questions and answers to which an objection was sustained.

Finally, there was strong evidence of identification. One of the women who intervened in the incident — Fernandez — identified Rosa as the person involved in the altercation with Chang.  The other woman who intervened — Weaver — recorded the license plate number of the vehicle that Rosa drove away from the scene, and identified a photograph of the vehicle.  A police officer located the vehicle.  On the dashboard was a prescription bearing Rosa's name.  Because strong evidence linked Rosa to the robbery of Chang, we conclude that the State's improper question to Chang was harmless beyond a reasonable doubt.

### 3. We decline to review Rosa's claim of ineffective assistance of counsel.

Rosa contends that his trial attorney — a deputy public defender — ineffectively represented him by failing to suppress evidence of identification, failing to advise him about his constitutional right to testify[2] and trial strategy, and failing to move for a new trial.  The Hawai'i Rules of Appellate Procedure (**HRAP**) provide, in relevant part:

> **Rule 28. BRIEFS.**
>
> **(a) Format, service, and page limitation.** . . . If a brief raises ineffective assistance of counsel as a point of

_____

[2]     Rosa does not contend that the circuit court failed to conduct a Tachibana colloquy.  See Tachibana v. State, 79 Hawai'i 226, 236, 900 P.2d 1293, 1303 (1995).

error, the appellant shall serve a copy of the brief on the
attorney alleged to have been ineffective.

There is nothing in the record showing that Rosa's brief was
served on his trial attorney or upon the Office of the Public
Defender.  We decline to review Rosa's claim because of his
failure to comply with HRAP Rule 28(a), without prejudice to Rosa
filing a petition for relief under HRPP Rule 40 that complies
with all applicable rules.[3]

### 4.  Substantial evidence supported Rosa's conviction.

Rosa makes a conclusory argument that "[i]nsufficient
evidence was adduced identifying Rosa as the culprit, and
insufficient evidence was adduced establishing that Rosa used a
firearm in the commission of a robbery."

When reviewing the sufficiency of evidence on appeal,
we apply the following deferential standard of review:

> [E]vidence adduced in the trial court must be
> considered in the strongest light for the prosecution
> when the appellate court passes on the legal
> sufficiency of such evidence to support a conviction;
> the same standard applies whether the case was before
> a judge or jury.  The test on appeal is not whether
> guilt is established beyond a reasonable doubt, but
> whether there was substantial evidence to support the
> conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010)
(citations omitted).  "'Substantial evidence' as to every
material element of the offense charged is credible evidence
which is of sufficient quality and probative value to enable a
person of reasonable caution to support a conclusion."  Id.
(citation omitted).  "It matters not if a conviction under the

---

[3]  HRPP Rule 40(f) provides, in relevant part:

> Where the petition alleges the ineffective assistance
> of counsel as a ground upon which the requested relief
> should be granted, the petitioner shall serve written notice
> of the hearing upon the counsel whose assistance is alleged
> to have been ineffective and said counsel shall have an
> opportunity to be heard.

evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for conviction." State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981) (citations omitted).

As to Count 1 (Robbery in the First Degree), Silva (the Starbucks barista) identified Rosa and testified that Rosa showed him what looked like a real gun and threatened to kill him "and everybody in the store if [Silva] didn't give him the money in the register." Silva testified he put all of the cash and coins in the register into a brown paper bag and handed it to Rosa, and Rosa also took money from the tip jar before leaving the store. A Starbucks surveillance video that corroborated Silva's testimony was also received in evidence. This was substantial evidence to support Rosa's conviction on Count 1.

As to Count 2 (Robbery in the Second Degree), the testimony of Chang, Fernandez, and Weaver described in sections 1. and 2. above, and the evidence from the Honolulu Police Department officers who located Rosa's car in Waianae, found Rosa's prescription medication on the dashboard, and arrested Rosa at Depot Beach Park, was substantial evidence to support Rosa's conviction.

For the foregoing reasons, the Judgment of Conviction and Sentence entered by the circuit court on May 26, 2020, is affirmed.

DATED: Honolulu, Hawaiʻi, June 1, 2021.

On the briefs:

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Walter J. Rodby,
for Defendant-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge