Algie Roe ROBERSON, Appellant,

v.

UNITED STATES of America,
Appellee.

Everette Lee HOLLINS, Appellant,

v.

UNITED STATES of America,
Appellee.

Charles Richard GRIFFITH, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 13984, 13985, 13986.

United States Court of Appeals
Sixth Circuit.

July 20, 1960.

W. E. Badgett, Knoxville, Tenn., for appellant.

C. C. Ridenour, Knoxville, Tenn. (John C. Crawford, Jr., U. S. Atty., and John F. Dugger, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before CECIL and O'SULLIVAN,* Circuit Judges, and BOYD, District Judge.

O'SULLIVAN, Circuit Judge.

This opinion considers the appeals of Algie Roe Roberson, No. 13984; Everette Lee Hollins, No. 13985, and Charles Richard Griffith, No. 13986, from judgment entered upon a jury's verdict convicting them, and others, of conspiracy (Title 18 U.S.C.A. § 371) to violate sections of the Internal Revenue Code of 1954 relating to the manufacture, sale, possession, transportation and distribution of untaxpaid whiskey.

Seven persons besides appellants were named with them in an indictment, and all were found guilty of the offenses charged. Twenty-three overt acts in the execution and carrying out of the conspiracy were set forth in the indictment. They occurred between August 12 and November 24, 1958.

Appellants were sentenced to prison, as follows: Roberson for five years, Hollins for three years, and Griffith for three years.

---

* At the time this case was heard, Judge O'Sullivan was a District Judge, sitting by designation. He became a Circuit Judge on April 4, 1960.

The evidence disclosed that between the dates mentioned a large operation in the manufacture and sale of moonshine whiskey was carried on at and near the city of Chattanooga, Tennessee. The whiskey was manufactured in the Suck Creek Mountain region outside of Chattanooga. It was transported to premises known as 1022 Pine Street, in Chattanooga, from which point it was distributed to customers of the enterprise. While quite a few persons contributed to the commercial success of the business, (the volume of sales from the distribution point amounted to as high as 150 gallons per day) a fair review of the evidence discloses that the principal actors were the three appellants. Hollins' contribution to the enterprise consisted principally, of being tenant of the Chattanooga headquarters on Pine Street, and director of the distribution made from there. He owned several vehicles used for deliveries. Appellants Roberson and Griffith were in charge of transportation of the whiskey from its place of manufacture in Suck Creek Mountain to the distribution point.

The Government's evidence was provided mainly by testimony given by Government agents who had this operation under surveillance over the period of time covered by the indictment.

Appellants assert ten grounds for reversal of the judgment of conviction. We find reversible error in none of them, and discuss them briefly as follows:

### (1) Motion for direction of acquittal:

■ There was competent proof that illegal whiskey was manufactured as charged in the indictment, that it was transported to the place of distribution, and from there distributed to the trade. Various activities of the three appellants were described in considerable detail by the investigating officers. Not each of the described activities, standing alone, presented evidence of criminal conduct. However, all three appellants were seen at various times engaged in the handling or distribution of illegal whiskey. There was ample proof of an integrated operation. The officers conceded that some of the activities described were not, in themselves, illegal, but such evidence was relevant and circumstantially corroborative of the continued progress of the enterprise in which appellants were principal actors. The motion for a directed acquittal was properly denied.

### (2) Claimed violation of Jencks rule:

■ At the beginning of the trial, defense counsel requested to be given copies of all written statements and verbal summaries theretofore made by witnesses who were to testify for the Government. This was refused. However, at the conclusion of the direct testimony of each government witness, defense counsel was provided with a copy of whatever statement had been made by such witness, and opportunity was allowed for counsel to study the same for use upon cross-examination. We find nothing in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, requiring that all of such statements be given to defense counsel at the beginning of the trial, or that a statement of an individual witness be given prior to conclusion of such witness' direct testimony. Section 3500, U.S.C., Title 18, adopted as a consequence of the Jencks decision, provides, in subsection (a):

> "In any criminal prosecution * * * no statement or report * * * made by a Government witness or prospective Government witness * * * shall be subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*"

### (3) Emphasis on delivery of statements to defense:

■ As the statement of each witness was delivered to defense counsel, the fact that it was being so delivered was stated either by the Court or the District Attorney in the presence of the jury. It is complained that such conduct unduly emphasized these statements and was prejudicial. We find no merit in this.

No objection to, or criticism of, the conduct of the Court or District Attorney in this regard was made. It was within the discretion of the District Judge to conduct the trial in such manner.

(4) *Use of notes by Government witnesses while on the stand:*

Some Government witnesses had with them on the witness stand memoranda containing notes made during the course of the investigation. It was appropriate for the witnesses to refresh their recollection from such notes. A fair review of the record does not justify appellants' claims that these witnesses' testimony amounted to a reading of prepared statements. Their examination on direct and cross-examination proceeded in the traditional manner of question and answer. The Court admonished the witnesses, when objection was made, that they were merely to refresh their recollection from the notes.

(5) *Requiring defendants to stand for identification:*

During the examination of several Government witnesses, when reference was made to one or more of the defendants, the defendant concerning whom testimony was being given was asked to stand. The witness then identified the defendant standing as the person being talked about. No objection was made to this procedure. No request was made to have it discontinued. On one occasion, defense counsel himself asked that the defendant Hollins stand so he might be identified by a witness. We find no error in what occurred. Holt v. United States, 218 U.S. 245, 252, 31 S.Ct. 2, 54 L.Ed. 1021.

(6) *Admission of claimed irrelevant testimony:*

Government witnesses conceded that some of defendants' activities described by them were not, in and of themselves, proof of the offenses charged. We find, however, that the evidence complained of was material and relevant to a showing of the general plan and method of the entire criminal enterprise.

(7) *Claimed illegal search of motor vehicle:*

Government witnesses testified as to their observation of what was in a vehicle owned by one of the defendants when it was in a public garage, and also that they detected the odor of whiskey while in the vicinity of the vehicle. No search of, or entering into, the vehicle was made. No objection was made to this testimony, nor do we find that there was an illegal search of the vehicle involved.

(8) *Allowing Government witness to remain in the courtroom notwithstanding exclusion rule:*

The Government's witness John L. West was a Government agent in charge of the investigation. Other witnesses were excluded from the courtroom, but he was allowed to remain at the counsel table. When he was offered as a witness, objection was made to his being permitted to testify. This was a matter within the discretion of the trial judge. Powell v. United States, 6 Cir., 208 F.2d 618.

(9) *Admission of co-conspirator:*

One of appellants' co-defendants, Clairried Eugene Smith, was arrested at the premises at 1022 Pine Street on August 26, 1958. After his arrest, he told the arresting officers that he had been delivering whiskey for the appellant Hollins for some three or four years. Objection was made to that testimony in the following manner:

"Mr. Badgett: Now, your Honor, the jury should be instructed on that. I request that anything he might have said certainly would not be admissible."

The above was followed by instruction and colloquy, as follows:

"The Court: Yes. Anything Smith may have said will only bear on Smith's case, unless a conspiracy is established, and it is shown that Smith along with others were part of that conspiracy. If the statements were made in pursuance of the

conspiracy and if the conspiracy is established, then the statement may have a bearing on those who were in the conspiracy, if any. But at this time the statement will only be considered with respect to Smith's case unless the jury finds that a conspiracy was established and others were in it.

"Mr. Badgett: May I respectfully suggest, your Honor, that the statement also would have to be in furtherance of the conspiracy before it would be admissible?

"The Court: That's right. That's what I told you. Yes, it would have to be in furtherance of the conspiracy before it would be binding on the alleged conspirators. And, remember, before there can be a conspiracy there must be two or more parties to that conspiracy. One person cannot conspire with himself. All right.

"Mr. Dugger: All right."

There may be some question as to whether, notwithstanding the establishment of a conspiracy, the admission of Smith following his arrest could be considered as in furtherance of it. We, however, are satisfied that if there was any error in this regard, it was harmless error within the contemplation of Rule 52 (a) of the Federal Rules of Criminal Procedure, 18 U.S.C. The evidence of appellants' guilt of the offenses charged was clear, abundant and strong, and under such circumstances, if the admission of this testimony was error, we would consider it harmless. Banning v. United States, 6 Cir., 130 F.2d 330, 339; Green v. United States, 9 Cir., 19 F.2d 850; United States v. Sheba Bracelets, Inc., 2 Cir., 248 F.2d 134; Thompson v. United States, 8 Cir., 258 F. 196; Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Borden Co., 347 U.S. 514, 516, 74 S.Ct. 703, 98 L.Ed. 903.

*(10) Admission of address book taken from defendant Smith:*

■ At the time of the arrest of defendant Smith, referred to in question nine above, there was taken from him an address book which contained a notation: "GA Boy 5–3004." The appellant Roberson was known as "Georgia Boy" and his telephone number was 5–3004. During the course of the colloquy relating to the admissability of this exhibit, defense counsel said:

"We have no objection, your Honor. I want the jury to see this."

Counsel added:

"Other than the objection I have stated, unless it is tied up, it isn't admissible."

The relevancy of the book was established and it was tied up with defendant Roberson. We find no error in what occurred.

*(11) Admission of co-defendant after arrest:*

■ Another one of the co-defendants, after arrest made a statement similar to that of co-defendant Smith, to the effect that he had been delivering whiskey from 1022 Pine Street for about three months prior to his arrest. No objection was made to this testimony and we find no error in this regard.

*(12) Denial of mis-trial:*

■ Algie R. Roberson, Jr., son of appellant Roberson, was called as a defense witness. He gave testimony as to his father's activities during the time that it was claimed he was engaged in the illegal enterprise for which he was indicted. He had been testifying that his father was in the garage business. The District Attorney asked him whether it wasn't a fact that he was engaged in the moonshine business. The witness said not that he knew of. He was then asked by Government counsel whether or not he had been "down here to the courtroom before." He answered that he had been "down here to the court." Objection was then made that this examination was part of an attempt to prove that defendant Roberson had been convicted. After defense counsel had objected to the inquiry about Roberson' son having been at court, Government counsel stated he would withdraw the question and would

ask the jury to disregard it. The jury was excused, a motion for mistrial was made, and it was denied. Upon the jury returning to the courtroom, the trial judge reviewed the cross-examination in question and, referring to the District Attorney's question, stated:

"The question is incompetent for any purpose, just don't consider it."

We think the Court's instruction was sufficient to eradicate any prejudice that may have taken place. In any event, we consider the whole matter harmless error within Rule 52(a) of the Federal Rules of Criminal Procedure. Morissette v. United States, 6 Cir., 187 F.2d 427, 431.

The judgments of conviction are affirmed.