**STATE OF HAWAII,** Plaintiff–Appellee, v. **JULIUS H. ILDEFONSO,** Defendant–Appellant

NO. 14921

[TRAFFIC NO. 2827674MO]

FEBRUARY 10, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY MOON, J.

Defendant–appellant Julius H. Ildefonso (Ildefonso) appeals his conviction of failing to stop at an intersection as required by law, a violation of Hawaii Revised Statutes (HRS) § 291C–63(b). On appeal, Ildefonso contends that his conviction should be reversed on the grounds that: 1) the State's sole witness, the citing police officer, failed to identify Ildefonso in court as the person who failed to stop at the intersection; 2) his right to be free from self–incrimination was violated when the court ordered him to step forward and identify himself during trial; 3) no evidence was

presented establishing that the traffic device in question was established by any legal authority; 4) the presumption established by HRS §§ 291C–31(c) and 291C–31(d), relating to traffic control devices, violated Ildefonso's right to due process; and 5) the State failed to prove venue at trial. On review, we find no error and therefore affirm the conviction.

## I.

On June 17, 1989, police officer David Lock (Officer Lock) was driving on South King Street. As Officer Lock neared the intersection of South King Street and Cooke Street, he observed a vehicle turn right onto South King Street from Cooke Street without making a complete stop. Officer Lock turned on his blue light and pulled the vehicle to the side of the roadway. He obtained the driver's license of the driver of the vehicle, determined that the driver was Ildefonso, and issued him a citation for failing to stop at the intersection.

At trial, prior to Officer Lock's testimony, Ildefonso's counsel requested a "gallery," or in–court identification. Officer Lock was asked if he could identify Ildefonso, who was not present at counsel's table, but who was seated elsewhere in the courtroom. Lock pointed to a person in the courtroom; however, that person was not Ildefonso. The court then stated, "[w]ill the real Mr. Ildefonso identify himself? . . . You can step forward, Mr. Ildefonso," at which point, Ildefonso came forward.

The State then proceeded to examine Officer Lock regarding the events of June 17, including Lock's prior identification of Ildefonso. Officer Lock testified that at the time of the incident, he obtained the driver's license of the driver of the vehicle in question and compared the picture on the license to the face of the driver. Finding a match, he wrote the name on the license (Julius H. Ildefonso) on the citation. Officer Lock also testified that 1) the intersection where the violation occurred was within the Honolulu

District, City and County of Honolulu, State of Hawaii; 2) there were no vehicles in front of or behind Ildefonso's vehicle at the intersection; 3) a City and County red and white stop sign was posted at that intersection; and 4) a City and County solid white stop line was painted halfway across Cooke Street "in line with the stop sign."

The State then rested its case and Ildefonso moved for judgment of acquittal on three grounds: 1) that Officer Lock, on cross examination, admitted that he failed to identify Ildefonso in court; 2) that Ildefonso's right against self–incrimination was violated when the court ordered him to step forward after the gallery identification procedure was completed; and 3) that the prosecution was barred by the statute of limitations.[1] The court denied the motion. At that point, Ildefonso's counsel elected not to put on a defense, rested, and again moved for judgment of acquittal on the same grounds. The court again denied the motion. Ildefonso was found guilty of failing to stop pursuant to HRS § 291C–63(b) and this timely appeal followed.

## II.

Ildefonso appears to challenge different aspects of the sufficiency of evidence presented against him with respect to 1) identification; 2) "legal authority" for the stop sign in question; and 3) venue. On appeal, the test to determine the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact. *State v. Yoshimoto*, 64 Haw. 1, 635 P.2d 560 (1981); *State v. Tamura*, 63 Haw. 636, 633 P.2d 1115 (1981). "It matters not if a conviction under the evidence as so considered

---

[1] Ildefonso does not raise statute of limitations as an issue on appeal.

might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for the conviction." *Tamura*, 63 Haw. at 637, 633 P.2d at 1117. " 'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a man of reasonable caution to reach a conclusion." *State v. Naeole*, 62 Haw. 563, 565, 617 P.2d 820, 823 (1980).

Ildefonso claims that the "trial court erred in denying [his] motion for judgment of acquittal notwithstanding [the State's] use of prior identification." Although his opening brief is somewhat confusing, Ildefonso appears to argue that because Officer Lock failed to identify him in court, testimony of the prior identification should not have been admitted.

There is a split of authority as to whether testimony of a prior identification is admissible where the identifying witness fails to make an in–court identification. *See* 29 AM. JUR. 2D *Evidence* §§ 372, 373 (1967). Although not specifically contended by Ildefonso, the most frequent objection to this evidence is that it is hearsay because it is offered by a third party for the truth of the matter asserted. Here, Officer Lock's prior identification is an out–of–court statement offered to prove that Ildefonso was the driver of the vehicle in question. Hence, it is hearsay. *See* HAWAII RULES OF EVIDENCE (HRE) 801. The State contends, however, that the evidence is admissible under the exception found in HRE 802.1(3), which provides:

> The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:
>
> * * *
>
> (3) Prior identification. The declarant is subject to cross–examination concerning the subject matter of the declarant's statement, and the

statement is one of identification of a person made after perceiving [that person.] [2]

In *State v. Motta*, 66 Haw. 254, 659 P.2d 745 (1983), we discussed HRE 802.1(3) and the various rationales for admitting pretrial identification evidence. In *Motta*, the defendant appealed his conviction for robbery in the first degree. Notwithstanding the fact that the victim identified the defendant at trial, one of the contended errors was the admission into evidence of a police composite sketch of the robbery suspect. The composite sketch was drawn by a police artist based on a description given by the victim. In concluding that there was no error in admitting the sketch into evidence, this court held:

> Although a composite sketch is hearsay, it may still be admissible under Haw. R. Evid. 802.1(3) if (1) the declarant testifies at trial and is subject to cross–examination concerning the subject matter of his statement and (2) the statement is one of identification of a person made after perceiving him.

*Id.* at 262, 659 P.2d at 751.

While *Motta* is factually distinguishable from the present case, it is instructive to the extent that we held HRE 802.1(3) "allow[ed] the admission of pretrial identifications, not merely as corroborative evidence, but also as substantive proof of identity." *Id.*

Other courts have admitted as substantive proof of identity prior identification testimony by witnesses who were unable to

---

[2] Prior to a gender change, this subsection read, "the statement is one of identification of a person made after perceiving *him*." (Emphasis added.) The subsection was amended to read, "the statement is one of identification of a person made after perceiving *the declarant*." (Emphasis added.) As noted in A. BOWMAN, HAWAII RULES OF EVIDENCE MANUAL, *Hearsay* § 802.1–2C (1990), this new version is mistaken and nonsensical. *Compare* FEDERAL RULES OF EVIDENCE 801(d)(1)(C), which underwent a correct gender change.

make in–court identifications. For example, in *State v. Hendrix*, 50 Wash. App. 510, 749 P.2d 210 (1988), the witness in a public indecency case was unable to identify the defendant at trial. The Washington Court of Appeals held that a prior identification from a photo montage was admissible despite the defendant's contention that the identification photograph was suggestive because it did not have a "very small little, tiny number" in the upper left corner, which the other photos in the montage had. The court held that any inconsistency in the identification testimony went only to its weight, not its admissibility. The *Hendrix* court also held that the extrajudicial or prior identification, standing alone, was sufficient to support the conviction.

In *United States v. Owens*, 484 U.S. 554 (1988), John Foster, a correctional counselor at a federal prison, was attacked and brutally beaten about the head with a metal pipe. At one point during his hospitalization, Foster named defendant Owens as his attacker and identified Owens from an array of photographs. However, at the time of trial, Foster could not remember who had assaulted him due to the injuries he received in the attack, which included short–term memory loss. Foster, however, testified that he clearly remembered identifying Owens as his attacker while he was hospitalized, but could not recall the basis for that identification. The United States Supreme Court held that Federal Rule of Evidence 802, which generally excludes hearsay, was not violated by admission of Foster's prior out–of–court identification statement. The Court held that the prior identification was admissible as long as the declarant was subject to cross–examination concerning the statement itself, regardless of whether the declarant could recall the basis for that statement.

Even in cases where prior identifications were deemed to be inadmissible, courts have agreed that such testimony would be admissible as independent proof of identity if certain foundational or procedural requirements were met. For example, in *J.A.M. v.*

580

*State*, 749 P.2d 116 (Okla. Crim. App. 1988), the Oklahoma Court of Criminal Appeals held that permitting the robbery victim to testify about his prior identification of the defendant was reversible error where the victim was not first asked to make an in–court identification. The court concluded that the State failed to show that the victim could not identify the defendant at trial and thus failed to "establish the necessary predicate for admitting the extrajudicial identification as independent proof of identity." *Id.* at 118.

In *Commonwealth v. Floyd*, 327 Pa. Super. 569, 476 A.2d 414 (1984), the witness to a shooting who had identified the defendant from an array of photographs, failed to identify the defendant at trial. The witness, however, was not examined regarding the photographic array. That evidence was admitted via the testimony of the detective to whom the witness had made the identification. The Pennsylvania Superior Court stated:

> In our view, a prior statement of identification made by a witness who does not make an in–court identification at trial qualifies for exception to the hearsay rule only if (1) the out–of–court identification was freshly made, and (2) the witness who made it takes the stand and vouches for its accuracy. . . . (In addition, when offered against defendant in a criminal case, the witness must be subject to adequate cross–examination in order to satisfy defendant's constitutional right to confront the witness against him.)

*Id.* at 577, 476 A.2d at 418 (citation omitted). The court held that while the foundational requirement of freshness had been satisfied because the witness made the identification the day after the shooting, the witness was not asked to vouch for its accuracy. Thus, the second foundational requirement for the exception to the hearsay rule was not met.

In the present case, Officer Lock testified that he obtained the driver's license of the motorist he detained for failing to stop at the

South King Street–Cooke Street intersection and compared the picture on the license to the face of the driver of the vehicle. Finding a match, he wrote the name on the license, Julius H. Ildefonso, on the citation that he issued. We conclude that this procedure constituted Officer Lock's prior identification. Officer Lock then testified at trial regarding the circumstances of his prior identification, vouched for its accuracy, and was available for cross–examination by defendant. Thus, we find that the requirements of HRE 802.1(3) were met and the prior identification evidence was properly admitted as substantive proof of identity.

Ildefonso also claims that "the State failed to meet its burden of proof as to an essential element of the offense charged," citing *Capwell v. State*, 686 P.2d 1148 (Wyo. 1984). Ildefonso argues that "identity of the accused is one element which must be proven by the State beyond a reasonable doubt," and concludes that because Officer Lock was unable to identify him at trial, the State failed to meet its burden of proof. While *Capwell v. State* does hold that the prosecutor has the burden to prove every essential element of the crime charged, it also states that in–court identification is unnecessary; "[i]t is only necessary that the person committing the crime be identified as the person charged[.]" *Id.* at 1157. Other than Officer Lock's inability to identify Ildefonso during the gallery identification, nothing in the record raises even a question as to the identity of the driver. As discussed above, Officer Lock's prior identification qualified for exception under the hearsay rule and was properly admitted as substantive proof of identity. Based on our review of the record, we find that there was substantial evidence to support the conviction.

### III.

The Fifth Amendment to the United States Constitution and article I, section 10 of the Hawaii Constitution guarantee an individual the right to be free from self–incrimination. Ildefonso

claims that this right was violated when the trial court instructed him to step forward and identify himself after Officer Lock failed to identify him in the gallery identification. We disagree.

It has been held that the constitutional provision against self–incrimination is not violated by compelling the defendant in a criminal case to identify himself or herself for the purpose of identification. 21A AM. JUR. 2D *Criminal Law* § 712 (1981); *Holt v. United States*, 218 U.S. 245 (1910); *Roberson v. United States*, 282 F.2d 648 (6th Cir.), *cert. denied*, 364 U.S. 879 (1960). *See also Schmerber v. California*, 384 U.S. 757, 764 (1966) ("both federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion . . . to appear in court, to stand, to assume a stance").

We acknowledge that the trial court in the present case requested that Ildefonso step forward before the prior identification evidence was elicited. However, it is clear from the record that the court did not rely on Ildefonso's stepping forward as the basis for finding that identity was proven. In its findings, the trial court stated:

> The citing officer did not make a gallery identification of the defendant, even though it was requested by the defendant and permitted by the Court.
>
> The Court, however, noted that the State then elected to proceed by way of prior identification made and the Court was satisfied with the testimony presented by the officer that, in fact, there was an identification made of the defendant.

Clearly, the trial court found that Officer Lock's testimony established identity, that is, that Ildefonso was the motorist who committed the offense.

It appears from the record that ascertaining Ildefonso's presence in the courtroom was for the purpose of complying with Hawaii Rule of Penal Procedure (HRPP) 43(a), which provides:

> (a)  Presence Required.  Except as otherwise provided by this rule, the defendant shall be present . . . at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence.

Although the court did not specifically cite to this rule as the reason for instructing Ildefonso to step forward, the court, in addressing Ildefonso's first motion for judgment of acquittal, stated:

> The defendant was not identified [during gallery identification requested by Ildefonso].  At that point he was brought forward for the purpose of continuing. There was no incrimination.  *It's merely for the purpose of* pur– — [sic] *pursuing the matter of the trial.*

(Emphasis added.)  We find that the trial court, in requesting that Ildefonso identify himself, simply complied with the mandate of HRPP 43(a).  Thus, we conclude that Ildefonso's right against self–incrimination was not violated by the trial court's actions.

## IV.

Ildefonso's third point of appeal is that the State presented no evidence which proved that the stop sign in question was established by any legal authority.  Ildefonso contends that the trial court erroneously relied on HRS § 291C–31, pertaining to traffic control devices, "for authority that the stop sign in question was established by legal authority," because it is "absolutely clear that HRS § 291C–31 does not create legal authority to erect a stop sign at the corner of King Street and Cooke Street."

HRS § 291C–31 provides in pertinent part as follows:

> (c)  Whenever official traffic–control devices are placed in position approximately conforming to law, such devices *shall be presumed to have been so placed by the official act or direction of lawful authority*, unless the contrary shall be established by competent evidence.

(d)   Any official traffic–control device placed pursuant to law and purporting to conform to the lawful requirements pertaining to such devices ***shall be presumed to comply with the requirements of this chapter***, unless the contrary is established by competent evidence.

(Emphasis added). We agree that HRS § 291C–31 does not authorize a particular stop sign at a particular intersection. We also agree that the State did not present any witnesses testifying to the particular authority given to erect the stop sign in question. However, such evidence was not required. HRS § 291C–31 establishes a presumption that if a traffic control device is placed as it is supposed to be placed, the device is authorized.

We find that Officer Lock's testimony regarding the stop sign and stop line at the subject intersection established that the traffic control device was placed "approximately conforming to law." Ildefonso presented no evidence to the contrary. Thus, by operation of the statutory presumption, it was proven that the stop sign was authorized.

## V.

Ildefonso contends that the presumption established by HRS § 291C–31 violates his right to due process and is therefore unconstitutional. Our review of the record reveals that Ildefonso did not raise this argument at trial, and thus it is deemed to have been waived. ***State v. Hoglund***, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990). ***But see*** HRPP 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court[.]")

We have held that the question of the constitutionality of a statute cannot be raised for the first time on appeal. ***State v. Tin Yan***, 44 Haw. 370, 355 P.2d 25 (1960). However, in cases where we have considered the constitutionality of a statute raised for the first time on appeal, we have done so on the ground that the

constitutionality of the statute is of great public import and justice required that we consider the issue. *See, e.g., Fujioka v. Kam,* 55 Haw. 7, 514 P.2d 568 (1973); *Smith v. Smith,* 56 Haw. 295, 535 P.2d 1109 (1975). That is not the case here. We therefore decline to address the issue.

## VI.

Ildefonso's final point on appeal is that the State failed to prove venue at trial. At oral argument, however, Ildefonso conceded that the State had proven venue. Thus, the issue is moot.

## VII.

Based on the foregoing, we hold that the State adequately proved Ildefonso's identity at trial and that Ildefonso's right to be free from self–incrimination was not violated. The record also established that the stop sign in question was legally authorized. Accordingly, the judgment is affirmed.

*Mariano V. Hernando,* for defendant–appellant.
*Alexa D. M. Fujise,* Deputy Prosecuting Attorney, for plaintiff–appellee.