PAME ANN MARY LEILANI ROMANO, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 29622
Intermediate Court of Appeals of Hawaii.
December 29, 2009.
On the briefs:
Pame Ann Mary Leilani Romano, Petitioner-Appellant Pro Se
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, WATANABE, and LEONARD, JJ.
Petitioner-Appellant Pame Ann Mary Leilani Romano (Romano) appeals from the Order Denying Petition for Post-Conviction Relief, filed on January 27, 2009, in the District Court of the First Circuit (District Court).[1]
In the underlying criminal case, Romano was found guilty of prostitution. On February 27, 2007, Romano's conviction was affirmed by the Hawai`i Supreme Court in a published opinion, State v. Romano, 114 Hawai`i 1, 155 P.3d 1102 (2007). The supreme court's published opinion sets forth a thorough description of the relevant background facts.
On July 18, 2008, Romano filed an "HRPP [(Hawai`i Rules of Penal Procedure)] Rule 40 Petition to Vacate, Set Aside, or Correct Judgment Entered on August 26, 2003" (Petition). In her Petition, Romano asserted the following grounds for relief: (1) she received ineffective assistance of counsel because her trial counsel failed to (a) assert an entrapment defense, (b) investigate and talk to witnesses, and (c) pursue her assertion that Officer Jeffery Tallion (Officer Tallion) was not the person she met at a hotel room; (2) the dissenting opinion by Justice Levinson in Romano's direct appeal, Romano, 114 Hawai`i at 14-23, 155 P.3d at 1115-24, was correct; (3) the Hawai`i Supreme Court failed to take into consideration her "testimony regarding her self-defense reaction at the time the [undercover] [o]fficer demanded a blow job"; (4) the Honolulu Police Department's attempt to make a case based on her advertisement for a massage in the "Pennysaver" newspaper was unlawful; (5) the prosecution did not prove its case beyond a reasonable doubt; and (6) the statutory definition of prostitution, as applied to Romano's conduct, violated her constitutional right to privacy.
On appeal, in addition to contending that the District Court erred in rejecting the six grounds for relief stated in her Petition, Romano alleges that: (7) she was prejudiced by not receiving the answer filed by Respondent-Appellee State of Hawai`i (State) to her Petition; (8) the trial judge should have recused herself because the judge "sided with the police officer"; (9) Romano was forced to waive her right to a jury trial because she had only $2,000 and her attorney refused to proceed with a jury trial; and (10) the prostitution law, as written, is not applicable in "real life."
We resolve Romano's points of error as follows:
1. We reject Romano's claim that she received ineffective assistance of counsel.
Romano contends that her trial counsel was ineffective for failing to assert entrapment as a defense. However, she provides no facts or argument in support of this contention. Accordingly, this argument is waived. HRAP Rule 28(b)(7) (2008) ("Points not argued may be deemed waived."). In any event, Romano asserted defenses of duress and lack of criminal intent at trial. A claim of entrapment may have served to weaken the defenses asserted by Romano. We will not second-guess reasonable strategic decisions made by trial counsel. See State v. Richie, 88 Hawai`i 19, 39-40, 960 P.2d 1227, 1247-48 (1998); Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993).
Romano claims that her trial counsel was ineffective for failing to investigate and talk to additional witnesses. Romano, however, failed to produce affidavits or sworn statements describing what these witnesses would have said and thus failed to demonstrate that their testimony would have been favorable to her case. Accordingly, Romano has not established any valid basis for claiming that her counsel was ineffective for failing to investigate and talk to additional witnesses. See Richie, 88 Hawai`i at 39, 960 P.2d at 1247.
Romano claims that her trial counsel failed to pursue her assertion that Officer Tallion, who testified that Romano had agreed to engage in sexual conduct for a fee, was not the person she met at the hotel room. We note, however, that: 1) Officer Tallion identified Romano as the person he had encountered in an undercover capacity; 2) Officer William Lurbe testified that he arrested Romano for prostitution after receiving the pre-arranged signal from Officer Tallion; 3) Romano's testimony regarding the details of her encounter with the undercover officer was basically consistent with the details provided by Officer Tallion; and 4) Romano did not testify at trial that Officer Tallion was not the person she had encountered, despite having the opportunity to do so, and instead only asserted that she did not know if Officer Tallion was the person she had talked to on the phone because the person on the phone gave her the name "Scott Barnett." Under these circumstances, we conclude that Romano did not satisfy her burden of establishing ineffective assistance of counsel with respect to her claim that her counsel failed to follow up on her assertion that Officer Tallion was not the person she had encountered. See id.
2. We reject the other five grounds for relief that Romano raised in her Petition because we conclude that they are without merit, were previously ruled upon, or were waived. See HRPP Rule 40(a)(3); Stanley v. State, 76 Hawai`i 446, 450-51, 879 P.2d 551, 555-56 (1994).
3. We reject Romano's claim that she was prejudiced by her failure to receive the State's answer to her Petition. The State's answer contains a certificate of service in which the Deputy Prosecuting Attorney certifies that the document "will be served" on Romano. More importantly, during the hearing on Romano's Petition, the District Court specifically asked Romano whether she had any response to the State's response to her Petition, and Romano answered "No":
THE COURT: Ms. Romano, this is your Petition. All right. I've received it. It's fairly well briefed.
If you'd like to argue anything further, that's not contained in your Petition, you may do so at this time.
[Romano]: No.
THE COURT: All right. Which would include a response to the State's response to your Petition.
You do not wish to add anything further?
[Romano]: No.
(Emphasis added.)
Romano's answer to the above-emphasized portion of the District Court's inquiry belies her claim that she did not receive the State's answer to her Petition. In any event, assuming arguendo that Romano did not timely receive the State's answer to her Petition in the District Court, Romano does not articulate on appeal what additional arguments she would have made or specify how she was prejudiced by the failure to timely receive the State's answer.[2] Thus, Romano has not demonstrated that she is entitled to any relief based on this claim.
4. Romano's remaining claims, which are set forth in points (8) through (10) above, were not raised in Romano's Petition. Accordingly, they are not properly before this court on appeal and are deemed waived. See Bitney v. Honolulu Police Dept., 96 Hawai`i 243, 251, 30 P.3d 257, 265 (2001) ("Appellate courts will not consider an issue not raised below unless justice so requires." (internal quotation marks, brackets, and citation omitted)); State v. Ildefonso, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992) (concluding that an argument not raised at trial was deemed to have been waived on appeal).
We affirm the Order Denying Petition for Post-Conviction Relief that was filed by the District Court on January 27, 2009.
NOTES
[1] The Honorable Faye M. Koyanagi presided.
[2] Romano obviously was aware of the State's answer to her Petition when she filed her opening brief in this appeal.