LAW LIBRARY

NO. 28393

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAII

2010 APR 22 AM 7:58

FILED

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DONALD ISEKE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 06-1-2080)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Donald Iseke (Iseke) appeals from the Judgment of Conviction and Sentence filed on January 19, 2007, in the Family Court of the First Circuit[1] (family court). The judgment followed the jury's conviction of Iseke for Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2009). Iseke was found not guilty of Terroristic Threatening in the Second Degree in violation of HRS § 707-717 (1993).

The family court sentenced Iseke to imprisonment for a term of thirty days and to pay a fine of $30, but the sentence was stayed pending appeal.

On appeal, Iseke contends that the family court reversibly erred because there was no substantial evidence to support Iseke's conviction in that (1) he did not act with the requisite intent to harass, annoy or alarm the victim, and (2) no credible evidence established that any physical contact he initiated with the victim was not in self-defense.

After a careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Iseke's points of error as follows:

(1) Iseke claims that there was insufficient evidence to convict him of Harassment because the State failed to prove

---

[1] The Honorable Rhonda A. Nishimura presided.

the intent element of the offense. We conclude that there was sufficient evidence to prove intent and, hence, to convict Iseke of Harassment.

> [G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."

*State v. Stocker*, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (ellipses and brackets omitted) (quoting *State v. Mitsuda*, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997).

In assessing the sufficiency of the evidence, the appellate court considers the evidence adduced "in the strongest light for the prosecution." *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting *State v. Quitog*, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Richie*, 88 Hawai'i at 33, 960 P.2d at 1241 (internal quotation marks omitted).

The jury was presented with evidence that: (1) Iseke walked by his wife, Elizabeth Iseke (Elizabeth), with a BB gun or rifle "strapped on his shoulder"; (2) Iseke's chest was "puffed out" and he was breathing heavily, and he displays this type of body language when he is angry; (3) Iseke told Elizabeth that he may have to use the weapon he was carrying on someone when Elizabeth asked what his problem was; (4) Iseke yelled and swore at Elizabeth; (5) Elizabeth pushed Iseke in the chest to get him "out of [her] face" because "he was backing [her] into the stove," but Iseke "hardly moved"; (6) Iseke then pushed Elizabeth in the upper chest, causing her to fall back into the stove; (7) Elizabeth's elbow struck a pan of sausage that she was frying, and was burned by hot grease; (8) Iseke did not offer to help Elizabeth; (9) Iseke warned that someone would die if Elizabeth called the police; (10) Elizabeth had tried to divorce Iseke, but Iseke would not cooperate; and (11) Elizabeth did not wish to testify, and would not have been present in court had she not

been subpoenaed, because, she said, she did not want anything to happen to her children.

Although some of the evidence was controverted, it was sufficient to determine the requisite intent. "It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for the conviction." *State v. Idelfonso*, 72 Haw. 573, 576-77, 827 P.2d 648, 651 (1992).

(2) Iseke claims that his conviction must be reversed because the State failed to disprove his claim of self-defense. Elizabeth testified, however, that although she pushed Iseke first, it was in self-defense because he was backing her into the stove, and that Iseke "hardly moved" in response to her push.

The jury was not persuaded by Iseke's claim of self-defense. Elizabeth's testimony represented credible evidence that the physical contact initiated by Iseke was not in self-defense. "[I]t is well-settled that 'an appellate court will not pass upon issues dependent upon the credibility of the witnesses and the weight of the evidence[.]'" *Domingo v. State*, 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994).

The January 19, 2007 Judgment of Conviction and Sentence entered in the family court is affirmed.

DATED: Honolulu, Hawai'i, April 22, 2010.

On the briefs:

Jeffrey A. Hawk
(Hawk, Sing & Ignacio)
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge