**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000362**
**20-APR-2021**
**08:03 AM**
**Dkt. 65 SO**

NO. CAAP-19-0000362

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TERI WAINANI PEDRO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTA-17-00495)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

The State of Hawai'i (**State**) charged Defendant-Appellant Teri Wainani Pedro (**Pedro**) with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).[1] After a bench trial, the District Court of the Third Circuit, Kona Division (**District Court**), found Pedro guilty as charged of OVUII.[2]

---

[1] HRS § 291E-61(a)(1) (Supp. 2016) provides as follows:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[2] The Honorable Margaret K. Masunaga presided.

Pedro appeals from the Judgment and Notice of Entry of Judgment (**Judgment**), entered on March 29, 2019, in the District Court. On appeal, Pedro contends that: (1) the District Court erred in admitting at trial the results of her horizontal gaze nystagmus (**HGN**) test as substantive evidence of intoxication; and (2) there was insufficient evidence to support her conviction. As explained below, we affirm the District Court's Judgment.

We resolve Pedro's arguments on appeal as follows.

1. Pedro argues that the District Court erred in admitting her HGN test results at trial on the sole ground that evidence of HGN test results is admissible only to determine probable cause for arrest, and not as substantive evidence of intoxication.

In State v. Jones, 148 Hawaiʻi 152, 468 P.3d 166, (2020), the Hawaiʻi Supreme Court recently addressed the question of whether standard field sobriety tests (**SFSTs**), which include the HGN test, "were admissible for the purpose of establishing substantive evidence of intoxication beyond probable cause." Id. at 171, 468 P.3d 185. The supreme court held that "evidence of a driver's conduct and physical actions while performing a SFST is not only relevant to probable cause for an arrest, but is also admissible as indicia of whether a driver was OVUII beyond a reasonable doubt." Id. at 172, 468 P.3d 186. Based on Jones, we conclude that Pedro's argument that evidence of HGN test results is categorically inadmissible as substantive evidence of intoxication is without merit.[3/]

2. Pedro argues that there was insufficient evidence to support her OVUII conviction because the State failed to show that: (1) she had been the driver of the subject vehicle

---

[3/] Pedro does not contend that her HGN test results were otherwise inadmissible at trial due to lack of foundation. To the extent that Pedro intended to raise such a claim, we conclude that she waived it by failing to present any argument to support it. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived."); State v. Guidry, 105 Hawaiʻi 222, 236-38, 96 P.3d 242, 256-58 (2004); State v. Fitzwater, 122 Hawaiʻi 354, 370 n.10, 227 P.3d 520, 536 n.10 (2010). Indeed, in her reply brief, Pedro appears to confirm that she did **not** intend to raise a lack-of-foundation argument, stating: "[Pedro] does not concede that [the arresting officer] was properly trained and properly administered the HGN test, **but argues that the HGN test should not have been admitted and relied upon as substantive evidence of [Pedro's] intoxication**." (Emphasis added.)

(**operator element**); and (2) assuming that she had been the driver, that she was under the influence of alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty (**alcohol impairment element**).  We disagree.

With respect to the operator element, the State presented evidence that on July 18, 2016, at about 5:00 a.m., Pedro was outside an overturned pick-up truck involved in a single-vehicle accident; she admitted that "she was the driver;" she said she had come from a Jack-in-the Box; and the arresting officer detected the smell of Jack-In-the-Box food coming from Pedro and the vehicle.

With respect to the alcohol impairment element, the State, among other things, presented evidence that the arresting officer detected the odor of an "intoxication beverage" coming from Pedro; her eyes were "red, glassy, . . . slightly watery[,]" and "kind of half closed," and she appeared to be "fazed[ and] a little confused"; the arresting officer had been trained to look for indicators of alcohol intoxication, which included red, watery, and glassy eyes, and the smell of alcohol; Pedro's truck appeared to have gone off the road, hit an embankment, and overturned before coming to rest upside-down in the middle of the highway; and Pedro performed poorly on the SFSTs.  In particular, the arresting officer observed nystagmus in both of Pedro's eyes during the tracking, maximum deviation, and forty-five degree phases of the HGN test; during the walk-and-turn test, Pedro could not keep her balance while receiving instructions and swayed heavily from left to right; in performing the test, Pedro failed to walk heel to toe as instructed, leaving gaps of one to four inches on every step, kept her arms raised the entire time, and made an improper turn; during the instructional phase of the one-leg stand test, Pedro heavily swayed from front to back and left to right; in performing the test, Pedro swayed, hopped, put her foot down, and raised her arms.  When viewed in the light most favorable to the prosecution, State v. Ildefonso, 72 Haw. 573, 576-77, 827 P.2d 648, 651 (1992), we conclude that there was sufficient evidence to support Pedro's OVUII conviction.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on March 29, 2019, in the District Court of the Third Circuit, Kona Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 20, 2021.


On the briefs:

Andrew I. Kim,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge