**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000262
07-MAY-2026
08:00 AM
Dkt. 83 SO**

NO. CAAP-24-0000262

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES EDWARD PATRICK, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FFC-22-0000259)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and McCullen, JJ.)

Defendant-Appellant James Edward Patrick (**Patrick**) appeals from the *Judgment of Conviction and Probation Sentence* (**Judgment**) entered on March 1, 2024, by the Family Court of the Third Circuit (**Family Court**).[1] Following a jury trial, Patrick was convicted of: (1) Felony Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and (10) (**Count 1**); (2) Attempted Felony Abuse of Family or Household Member, in violation of HRS § 705-500 and 709-906(1) and (9)(a) (**Count 2**); and (3) Abuse of Family or Household Member, in violation of HRS § 709-906(1) (**Count 3**).

On appeal, Patrick contends that the Family Court erred: (1) in failing to instruct the jury on merger; (2) in failing to instruct the jury that Counts 2 and 3 were included offenses of Count 1; (3) in failing to conduct a hearing regarding the competency of the minor complaining witness (**MCW**) pursuant to Hawai'i Rules of Evidence (**HRE**) Rule 603.1; and (4) admitting a 911 call with the adult complaining witness's (**CW**)

---

[1] The Honorable Robert D.S. Kim presided.

statement without showing unavailability, in violation of Patrick's constitutional confrontation right.[2/]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Patrick's contentions as follows.

(1) Patrick contends that the Family Court erred in failing to instruct the jury on merger as to Counts 1, 2 and 3. He argues that the conduct alleged in these counts "constitut[ed] one continuous episode," and the jury was required to determine whether there was "one intention, one general impulse, and one plan to commit the offenses[,]" under State v. Lavoie, 145 Hawaiʻi 409, 432, 453 P.3d 229, 252 (2019).

HRS § 701-109 (2014) states, in relevant part:

> (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . . .
>
>     (e)    The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

In Lavoie, the Hawaiʻi Supreme Court explained that "only one crime is committed when '(1) there is but one intention, one general impulse, and one plan, (2) the two offenses are part and parcel of a continuing and uninterrupted course of conduct, and (3) the law does not provide that specific periods of conduct constitute separate offenses.'" 145 Hawaiʻi at 431, 453 P.3d at 251 (quoting State v. Hoey, 77 Hawaiʻi 17, 38, 881 P.2d 504, 525 (1994)). Specifically, with regard to domestic abuse offenses under HRS § 709-906, the supreme court has also stated that multiple acts of abuse on a single occasion may constitute a single continuous event susceptible to merger under HRS § 701-109(1)(e). See State v. Decoite, 132 Hawaiʻi 436, 438 & n.3, 323 P.3d 80, 82 & n.3 (2014) ("[A] single violent

_____

[2/]    We have reordered Patrick's first and second points of error.

transaction comprised of, for example, several punches, may constitute one continuous episode of domestic abuse. The episode terminates when the perpetrator's physically abusive impulse ends.").

The State concedes that "under the facts in this case," the Family Court erred in failing to instruct the jury regarding the potential merger of Counts 1, 2, and 3. We agree. Because these offenses were charged as occurring on the same day and CW testified that they occurred near in time to one another, there was a reasonable possibility that merger under a continuing course of conduct theory applied. See Lavoie, 145 Hawaiʻi at 433, 453 P.3d at 253. The Family Court's failure to give the jury a merger instruction in these circumstances was prejudicial and plainly erroneous.

Although there was no merger instruction, a new trial is not required. Under established case law, the State has the option of dismissing two of the three counts and maintaining the Judgment on one charge.[3/] See State v. Martin, 146 Hawaiʻi 365, 391, 463 P.3d 1022, 1046, 1048 (2020); State v. Padilla, 114 Hawaiʻi 507, 517, 164 P.3d 765, 775 (App. 2007).

(2) In light of our decision above, we need not reach Patrick's contention that the Family Court erred in failing to instruct the jury that Counts 2 and 3 were included offenses of Count 1. See State v. Bibbs, 157 Hawaiʻi 413, 423, 579 P.3d 110, 120 (App. 2025).

(3) Patrick contends that the Family Court erred in failing to conduct a competency hearing under HRE Rule 603.1 "prior to exposing [MCW's] substantive testimony to the jury." Under HRE Rule 603.1, "[a] person is disqualified to be a witness if the person is (1) incapable of expressing oneself so as to be understood, either directly or through interpretation by one who can understand the person, or (2) incapable of understanding the duty of a witness to tell the truth." Patrick relies on State v. Kelekolio, 74 Haw. 479, 849 P.2d 58 (1993), in arguing that a competency hearing was required here.

---

[3/] The lack of a merger instruction does not affect the maximum sentence for Patrick's conviction on these three charges.

In <u>Kelekolio</u>, the supreme court held that a trial court commits plain error when a complainant's competency to testify is reasonably called into question and the trial court does not engage in an independent inquiry and make express findings as to competency. 74 Haw. at 528, 849 P.2d at 80. There, the defendant driver was convicted of kidnapping and sexually assaulting his passenger, a woman with Down's Syndrome and "the cognitive level of a four- to seven-year-old child." <u>Id.</u> at 486-87, 849 P.2d at 62-63. The court noted that the trial court made no finding of competency despite the complainant's competency to testify being reasonably called into question because:

> (1) when asked whether lying was good or bad, the complainant responded, "Good"; (2) the complainant was unable to identify [the defendant], who was present in court, although she repeatedly referred to him in her testimony by name; and (3) the complainant did not appear to understand the meaning of particular sexual and other terms (*i.e.*, "rape" and "kidnap") that she employed in her testimony.

<u>Id.</u> at 528, 849 P.2d at 80.

Here, in contrast, MCW's competency was not reasonably called into question. Patrick made no objection to MCW's qualification to testify, and nothing in the record suggests that MCW did not understand relevant concepts or terms during her trial testimony at the age of fifteen. <u>See</u> HRE Rule 603.1. Similarly, nothing in the record suggests that MCW suffered from any cognitive impairment that would limit her understanding of her duty to tell the truth. Accordingly, the Family Court found:

> Court finds that in viewing the testimony of the 15-year-old witness, that the witness was lucid, was able to answer each question competently, that there was no issue raised regarding the competency by Mr. Patrick, who is her farther [sic]. And should he know of any issues regarding her voracity [sic] or ability to discern truth from falsity, he would have raised it.

Because CW's competency had not been reasonably called into question, a competency hearing was not required. Thus, the Circuit Court did not plainly err.

(4) Patrick contends that the Family Court erred in admitting a 911 call audio recording containing CW's hearsay statement without first making a finding of her unavailability.

4

Patrick is correct in identifying the recording as a nontestimonial out-of-court statement that implicates the confrontation clause of the Hawai‘i Constitution. He is also correct in asserting that the Circuit Court misstated the holding of State v. Nofoa, 135 Hawai‘i 220, 349 P.3d 327 (2015), when it stated that "whether the declarant is available or unavailable is immaterial to that analysis." In fact, "a nontestimonial out-of-court statement is admissible if '(1) the declarant is "unavailable," and (2) the statement bears some indicia of reliability.'" Nofoa, 135 Hawai‘i at 235, 349 P.3d at 342 (quoting State v. Fields, 115 Hawai‘i 503, 528, 168 P.3d 955, 980 (2007)).

Nonetheless, Patrick waived this issue by failing to make a specific and timely objection to the introduction of the 911 recording on this ground. Patrick's only stated objection to the admission of the 911 recording was essentially a relevance objection, which was correctly overruled. Moreover, at the time the State actually offered the 911 call recording into evidence, Patrick stated that he had no objection. On this record, we deem the issue waived. See State v. Wallace, 80 Hawai‘i 382, 410, 910 P.2d 695, 723 (1996); see also State v. Ildefonso, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992) (constitutional due process challenge waived where not raised at trial).

For the reasons discussed above, we vacate the Judgment of Conviction and Probation Sentence entered on March 1, 2024, by the Family Court of the Third Circuit and remand the case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai‘i, May 7, 2026.


On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Sara K. Haley,
Deputy Public Defender,
for Defendant-Appellant.                /s/ Clyde J. Wadsworth
                                        Associate Judge
Nathan A. Wersal,
Deputy Prosecuting Attorneym
County of Hawai‘i,                      /s/ Sonja M.P. McCullen
for Plaintiff-Appellee.                 Associate Judge