**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000719
22-MAY-2026
08:32 AM
Dkt. 52 SO**

NO. CAAP-24-0000719


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ERNEST HOLMES, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CSP-22-0000145)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Self-represented Petitioner-Appellant Ernest **Holmes**

appeals from the Circuit Court of the First Circuit's

October 23, 2024 order denying Holmes's petition to remove his

name from the Sex Offender Registry (**Order**) and April 24, 2026

Final Judgment.[1]

---

[1] The Honorable Karin L. Holma presided. We note that Holmes prematurely filed a notice of appeal. Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2) (considering a premature notice of appeal as filed immediately after the judgment or order becomes final and appealable). This court remanded for entry of a final judgment.

We note that Holmes's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b).  We endeavor to address Holmes's arguments to the extent we can discern them.  See Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).

On appeal, Holmes appears to challenge the lifetime registry as unconstitutional, arguing he has "a constitutional right to a risk assessment to determine if [he] pose[s] a threat to society."[2]  Holmes also appears to argue that the lifetime registry is "harmful and hurtful," and he has a liberty interest in being removed from the registry.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[2]  Holmes's "issues presented" are as follows:

1. "Is the lifetime registry in the State of [Hawaiʻi] unconstitutional and a violation of an appellant's due [process] and civil rights when it fails to give an opportunity to be heard on if he poses a risk and a danger to society after successfully completing the State's sex offender program, and is in lifetime therapy and has been deemed not a threat by a professional therapist?"

2. "Is the lifetime registry in the State of [Hawaiʻi] reliable and effective in reducing sex crimes and is it harmful and hurtful?"

3. "Can a Tier 3 level sex offender challenge his lifetime status in the State of [Hawaiʻi] since he has a clear and serious liberty interest in getting off of the registry?"

4. "Was Megan's Law created to keep all Tier 3 level sex offenders on the registry for a lifetime merely because the crime involved a minor?"

(Formatting altered.)

the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In his petition, Holmes argued, among other things, that he was a Tier 1 offender and was not a danger to the public, had not reoffended, was active in the community, fulfilled the termination requirements, and was unlikely to reoffend. Holmes did not raise constitutional issues.

The circuit court found that Holmes "was convicted in Cr. No. 00-1-0631 involving separate covered sexual offenses against multiple victims and is therefore a Tier 3, repeat offender under" Hawaiʻi Revised Statutes (**HRS**) § 846E-10(b) (2014).[3] Holmes was released from prison in March 2010. Holmes "began registering as a sex offender in March 2010 and is required to register for life, except as provided under HRS § 846E-10(e) [(2014)]." And Holmes was not eligible to petition for termination of the registration requirements because it had not been forty years since his release.

Holmes does not challenge the circuit court's findings, his designation as a repeat offender, or that he was released in March 2010. See State v. Barros, 98 Hawaiʻi 337, 343 n.4, 48 P.3d 584, 590 n.4 (2002) ("If a finding is not properly

---

[3] When initially enacted in 2005, the Hawaiʻi Legislature specified HRS § 846E would apply retroactively. 2005 Haw. Sess. Laws Act 45, § 12 at 94; 2008 Haw. Sess. Laws Act 80, §§ 9, 14 at 238-40, 242.

attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid." (quoting <u>Wisdom v. Pflueger</u>, 4 Haw. App. 455, 459, 667 P.2d 844, 848 (App. 1983)).

A Tier 3 offender "shall register for life and, except as provided in subsection (e), may not petition the court, in a civil proceeding, for termination of registration requirements."[4] HRS § 846E-10(b) (2014). Subsection (e) provides that, "[n]otwithstanding any other provisions in this section, any covered offender, forty years after the covered offender's date of release or sentencing, whichever is later, for the covered offender's most recent covered offense, may petition the court, in a civil proceeding, for termination of registration requirements." HRS § 846E-10(e) (2014).

Because Holmes was released from prison in March 2010, he is not eligible to petition the circuit court for termination of his registration requirements until March 2050. Holmes, however, petitioned the circuit court in 2024. Thus, the circuit court did not err in denying his petition without a hearing.

---

[4] The Hawaiʻi Legislature amended HRS § 846E-10 in 2025 and renumbered HRS § 846E-10(e) to HRS § 846E-10(f). The 2025 amendment also changed the statutory language from "may not petition the court" to "shall not petition the court." 2025 Haw. Sess. Laws Act 149, § 5 at 342-45.

As to the constitutional challenges Holmes raises for the first time on appeal, we consider these challenges waived. See State v. Hicks, 113 Hawaiʻi 60, 74, 148 P.3d 493, 507 (2006) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." (quoting State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990))); State v. Ildefonso, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992) ("We have held that the question of the constitutionality of a statute cannot be raised for the first time on appeal.").

Based on the foregoing, we affirm the circuit court's October 23, 2024 Order and April 24, 2026 Final Judgment.

DATED:  Honolulu, Hawaiʻi, May 22, 2026.

| | |
|---|---|
| On the briefs: | /s/ Keith K. Hiraoka<br>Presiding Judge |
| Ernest Holmes,<br>Self-represented Petitioner-<br>Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Melina D. Sanchez,<br>Deputy Attorney General,<br>for Respondent-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |